Morrison Cohen

Heath D. Rosenblat
Partner
(212) 735-8757
hrosenblat@morrisoncohen.com

May 7, 2026

***VIA* CM/ECF**
Hon. Miroslav Lovric, U.S.M.J.
Federal Building and U.S. Courthouse
15 Henry Street
Binghamton, New York 13901

**Re:** ***Genie Healthcare, Inc. v. Davin Healthcare Workforce Solutions, Inc.***
**Case No. 26-cv-00253-AMN-ML**

Dear Judge Lovric:

This firm represents Defendant Davin Healthcare Workforce Solutions, Inc. ("**Davin**") in the above-referenced action pending before Your Honor. We write in connection with the Court's text order of May 1, 2026, requesting a status report responding to the issues raised in the Letter Motion of April 30, 2026 ("**Letter Motion**") [ECF No. 13] filed by plaintiff Genie Healthcare, Inc. ("**Plaintiff**").

To begin, Plaintiff comes to the Court on an expedited basis and asserts "concerns" about "fraudulent conduct" (with no foundation or admitted evidence) in an attempt to justify imposing burdensome and superfluous discovery obligations on Davin. Plaintiff's self-serving, conclusory allegations serve no purpose other than to prejudice Davin in this and other litigations.

Over the past several months, Davin has been engaged in an orderly wind-up process with the goal of maximizing the value of Davin's receivables, which in turn could possibly result in a distribution to creditors beyond Davin's secured lender. Since then, thanks to the hard work of Davin's remaining staff, its management, and its attorneys, Davin was able to recover much of the net value of its receivables and to pay off its secured obligation to the bank that held a senior perfected lien against all of Davin's assets.

However, two sets of factors have complicated this out-of-court process.

First, on February 10, 2026, Carthage Area Hospital ("**Carthage**") and Claxton-Hepburn Medical Center ("**Claxton**") each filed a petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of New York. According to the publicly available lists of creditors holding the 20 largest unsecured claims in each case, Davin is listed as holding a claim of $8,070,390.84 against Carthage and a claim of $4,733,430.35 against Claxton. *See In re Carthage Area Hosp., Inc.*, No. 26-30078-5 [ECF No. 5]; *In re Claxton-Hepburn Med. Ctr., Inc.*, No. 26-60100-6 [ECF No. 5].

Tellingly, Plaintiff neglected to inform the Court of the existence of these chapter 11 cases, let alone account for the impact to the current situation. It is clearly discernable from the information provided in those matters and set out above, that Davin has not received payment from Carthage/Claxton as Davin's claims against these hospitals total no less than $12 million.

The Carthage and Claxton bankruptcy cases are at an early stage, as such there is no way to know if, when, or how much Davin may be repaid (if at all), and there is no reasonable basis for Plaintiff to expedite discovery on speculative transfers from bankrupt hospital entities that collectively owe Davin over $12 million. Also, from the public filings it is clear that Davin has not (and could not absent court approval) received any post-petition payments on account of pre-petition services; and, thus, Davin has not received anything on account of the claims Plaintiff alleges in the above-referenced action.

Second, as Plaintiff recognizes, a small number of other subcontractors have initiated litigation against Davin in several state and Federal courts throughout the country. Though Davin explained to these litigants that it was working to make a distribution among all its subcontractors in the out-of-court wind-up process, these litigants insisted on trying to gain an advantage over the many other similarly situated creditors by commencing suits such as the above-referenced action.

These legal actions have been a distraction to Davin's management and attorneys, and the cost of defending reduced and will continue to reduce Davin's remaining funds. These actions also risk having a small number of creditors obtain judgments before a distribution can be made to all equally situated creditors. The discovery that Plaintiff requests would only add to this burden.

Thank you for Your Honor's consideration and attention to this matter. We are available at the Court's convenience to discuss this matter or the action as a whole.

Respectfully submitted,

Heath D. Rosenblat

Heath D. Rosenblat

cc: All counsel of record (via NYSCEF)