LEWIS & LIN LLC
77 SANDS STREET, 6TH FLOOR
BROOKLYN, NY 11201
TEL: (718) 243-9323 FAX: (718) 243-9326
WWW.ILAWCO.COM

May 8, 2026

**Via ECF**
The Honorable Miroslav Lovric U.S.M.J.
Federal Building and U.S. Courthouse
15 Henry Street
Binghamton, NY 13901

Re: *Genie Healthcare, Inc. v. Davin Healthcare Workforce Solutions, Inc.*, Case No. 1:26-cv-00253-AMN-ML

Dear Magistrate Judge Lovric:

This firm represents Plaintiff Genie Healthcare, Inc. ("Genie") in the above-captioned action (the "Action"). We write to reply to the so-called "status report" that Defendant Davin Healthcare Workforce Solutions, Inc. ("Davin") filed yesterday. *See* Dkt. No. 15.

Davin argues that, "It is clearly discernible from the information provided in those matters and set out above, that Davin has not received payment from Carthage or Claxton as Davin's claims against these hospitals total no less than $12 million." As an initial matter, such information is not clearly discernable. Davin has not alleged lack of payment as an affirmative defense in this Action. *See* Dkt. 9. Davin only raised three affirmative defenses in this Action – if Davin was not paid by Carthage or Claxton, this would have been pled.

Second, Davin's answer states that it lacks sufficient information to admit or deny whether Claxton and Carthage failed to remit payments for Genie's services. *See* Dkt. 9, ¶ 33. This information is squarely within Davin's possession. It is unclear how it would not have the information needed to answer this allegation.

Third, while Davin may be owed money from Carthage and Claxton for other staffing services, this does not answer the specific question of whether Carthage and Claxton paid Davin for the services Genie provided. Davin could have answered this question directly, but it chose not to.

Fourth, Davin does not contest that in other litigations, it stated that it lacked knowledge concerning whether other hospitals remitted payments for services provided while those same hospitals confirmed that they did pay Davin for services.

Fifth, Davin completely glossed over Genie's concerns relating to fraud, labeling them "self-serving, conclusory allegations" while also failing to actually deny fraud. Davin has still not identified the secured lender, including any information about payment to that lender.

Sixth, Davin failed to explain why it has excluded Genie from Davin's purported windup process. Nor has it explained why it failed to provide Genie the documents and information Genie requested in its April 6, 2026 letter to Davin. It is hard to see how "orderly" Davin's windup process is when it is actively excluding creditors.

Seventh, Davin also failed to substantively address the law on the issue of expedited discovery. It ignores the missing funds issue, the insider transfer concerns, and our allegations suggesting a broader pattern of diverting payments.

Eighth, **yet another hospital** was dismissed from a lawsuit filed against Davin because the plaintiff obtained proof that the hospital had actually paid Davin despite Davin's assertion that it lacked enough information to confirm or deny if it had failed to remit payment. The plaintiff in *OneStaff Medical, Limited Liability Company v. Davin Healthcare Workforce Solutions, Inc. et. al*, Case No. 1:26-cv-00225-MAD-PJE (N.D.N.Y.), dismissed its claims against Oneida Health Systems, Inc. because it discovered that the hospital had already paid Davin for the hospital's services despite Davin's purported lack of knowledge about the payment. Attached as Exhibit A are copies of the complaint from *OneStaff* (paragraph 73), Davin's answer in *OneStaff* (paragraph 73), a copy of the docket sheet reflecting all the hospitals dismissed (docket entries 45–52) and the Case Management Plan explaining the reasons behind the dismissal (paragraphs 12–13, 16B).

Finally, today we received a "final status report" from Davin's Windup Officer stating that Davin intends to file for bankruptcy. Thus, assuming Davin is being candid about its intentions to file for bankruptcy, we ask the Court to order Davin to issue direct answers to our initial letter before discovery is stayed in this Action.

We thank the Court for its attention to this matter.

Respectfully submitted,

LEWIS & LIN, LLC

By: /s/*Nicole Haff*

Nicole Haff
(NDNY Bar No. 706793)
77 Sands St. 6th Floor
Brooklyn, NY 11201
Email: nicole@ilawco.com
Tel: (718) 243-9323
Fax: (718) 243-9326

*Attorney for Plaintiff Genie Healthcare, Inc.*