# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

ONESTAFF MEDICAL, LIMITED LIABILITY COMPANY, a Nebraska limited liability company,

Plaintiff,

v.

DAVIN HEALTHCARE WORKFORCE SOLUTIONS, INC., a New York corporation; ST. MARY'S HEALTHCARE, a New York not-for-profit corporation; CLAXTON-HEPBURN MEDICAL CENTER, a New York not-for-profit corporation; ALBANY MED HEALTH SYSTEM d/b/a SARATOGA HOSPITAL, a New York not-for-profit corporation; ONEIDA HEALTH SYSTEMS, INC., a New York not-for-profit corporation; and COLUMBIA MEMORIAL HOSPITAL, a New York not-for-profit corporation,

Defendants.

Case No. 1:26-cv-225 (ECC/PJE)

JURY TRIAL REQUESTED

**COMPLAINT**

The Plaintiff, ONESTAFF MEDICAL, LIMITED LIABILITY COMPANY ("OneStaff"), by its attorneys, Koley Jessen P.C., L.L.O., states and alleges as follows for its claims for relief against Defendants DAVIN HEALTHCARE WORKFORCE SOLUTIONS, INC. ("Davin Healthcare"); St. MARY'S HEALTHCARE ("St. Mary's"); CLAXTON-HEPBURN MEDICAL CENTER ("Claxton-Hepburn"); ALBANY MED HEALTH SYSTEM d/b/a SARATOGA

HOSPITAL ("Saratoga Hospital"); ONEIDA HEALTH SYSTEMS, INC. ("Oneida Health"); and COLUMBIA MEMORIAL HOSPITAL ("Columbia Memorial") (collectively, the "Defendants") as follows:

**PARTIES AND JURISDICTION**

1. OneStaff is a Nebraska limited liability company authorized to transact business in the State of New York, with its principal place of business located at 10802 Farnam Drive, Suite 101, Omaha, Nebraska 68154. OneStaff's members are all domiciled in the State of Nebraska.

2. Davin Healthcare is a New York corporation with its principal place of business located at 18 Division Street, Suite 311 Saratoga Springs, NY, 12866.

3. St. Mary's is a New York not-for-profit corporation, with its principal place of business located at 427 Guy Park Avenue, Amsterdam, NY 12010.

4. Claxton-Hepburn is a New York not-for-profit corporation, with its principal place of business located at 214 King Street, Ogdensburg, NY 13669.

5. Saratoga Hospital is a New York not-for-profit corporation under the umbrella of Albany Med Health System, with its principal place of business located at 211 Church St., Saratoga Springs, NY 12866 (Albany Med Health System's address for service of process is listed as ATTN: President, 43 New Scotland Avenue, Albany, NY 12208 on the New York Secretary of State's website).

6. Oneida Health is a New York not-for-profit corporation, with its principal place of business located at 321 Genesee St., Oneida, NY 13421.

7. Columbia Memorial is a New York not-for-profit corporation, with its principal place of business located at 71 Prospect Ave., Hudson, NY 12534.

8. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

9. Pursuant to 28 U.S. Code § 1391, venue is proper in the Northern District of New York, because all Defendants are located in the Northern District of New York.

## FACTUAL ALLEGATIONS

10. Over the course of the business relationship between OneStaff and Davin Healthcare, OneStaff and Davin Healthcare have executed various Subcontractor Supplier Agreements for the benefit of Davin Healthcare's clients, e.g., the remaining Defendants. For convenience, the events giving rise to each breach are discussed below in chronological order and grouped by contract.

*The St. Mary's Agreement*

11. On or about October 8, 2020, OneStaff and Davin Healthcare[1] entered

[1] The St. Mary's Agreement was between Stat Staff Professionals, Inc. ("Stat Staff") and OneStaff. Upon information and belief, Stat Staff was a predecessor in interest to Davin

into a Subcontract Supplier Agreement pursuant to which OneStaff agreed to provide temporary medical staffing services to Davin Healthcare's Client—St. Mary's—and Davin Healthcare agreed to collect payment from St. Mary's and remit said payment to OneStaff for said services as they were rendered (the "St. Mary's Agreement"). A true and correct copy of the St. Mary's Agreement is attached hereto and incorporated herein as **Exhibit A**.

12. Pursuant to the terms of the St. Mary's Agreement, Davin Healthcare was to provide certain centralized vendor management services to St. Mary's in connection with its use of OneStaff's professionals.

13. Section 14 of the St. Mary's Agreement provides the terms and conditions relating to payment for OneStaff's services:

a. OneStaff's professionals would submit time sheets to Davin Healthcare which Davin Healthcare would forward to OneStaff.
b. After the pay period ending date, OneStaff would create an invoice based on the time sheets and submit said invoice to Davin Healthcare.
c. Davin Healthcare would then add its administrative fee (4%) to the OneStaff invoice and create a new Davin Healthcare invoice.
d. The new Davin Healthcare invoice would be sent to St. Mary's for payment.
e. St. Mary's would then remit payment to Davin Healthcare.

---

Healthcare either through merger, acquisition, or otherwise. Accordingly, the rights previously held by Stat Staff under the St. Mary's Agreement are now held by Davin Healthcare.

14. Pursuant to Section 14(c) of the St. Mary's Agreement, Davin Healthcare was to remit payment to OneStaff within "14 days of clearing of payment from [St. Mary's] for the same services rendered."

15. OneStaff provided the services outlined in the St. Mary's Agreement and invoiced Davin Healthcare for said services. A true and correct copy of a statement summarizing all unpaid invoices previously sent to Davin Healthcare for services provided pursuant to the St. Mary's Agreement is attached as **Exhibit B**.

16. Pursuant to Section 14(f) of the St. Mary's Agreement, "[i]n the event of non-payment of [St. Mary's] after 90 days from *the pay period ending date*, [OneStaff] may seek payment directly from [St. Mary's] and may exercise any applicable legal remedies against [St. Mary's]." (emphasis added).

17. As can be seen from Exhibit B, as of February 5, 2026, the principal amount of $79,356.77 has been outstanding for more than 90 days past the date the OneStaff invoice was issued and therefore more than 90 days past the pay period ending date.

18. Additionally, given the history of non-payment, it is reasonable to presume that payment for the remaining invoices (INV256308, INV257229, INV257858, INV262099, INV262956, INV263631, INV263630, and INV263632) will not be received within 90 days of the pay period ending date thereby enabling

OneStaff to pursue collection of those amounts directly from St. Mary's upon reaching the 90-day mark—the latest of which is February 26, 2026.

19. Exhibit B contains a true and accurate reflection of invoices INV256308, INV257229, INV257858 INV262099, INV262956, INV263631, INV263630, and INV263632 which are less than 90-days past the pay period ending date and which total an additional $21,385.65.

20. St. Mary's and Davin Healthcare failed and/or refused to pay for the services rendered by OneStaff.

21. The St. Mary's account with OneStaff is now past due and owing in the total principal amount of $100,742.42 plus accrued statutory pre-judgment interest. Additional interest will continue to accrue through the date of judgment on the claims presented in this lawsuit.

22. OneStaff has attempted to collect the amount that is due and owing amicably, but St. Mary's[2] and Davin Healthcare have refused, and continue to refuse, to pay.

23. OneStaff has made written demands to St. Mary's and Davin Healthcare for payment, but St. Mary's and Davin Healthcare have ignored or refused to honor such demands.

---

[2] Demands sent directly to St. Mary's have only included amounts that were over 90-days past due at the time of the demand. *See also* ¶ 23.

24. By filing and serving this Complaint, OneStaff again issues demand for payment to St. Mary's and Davin Healthcare for the amounts identified herein.

*The Claxton-Hepburn Agreement*

25. On or about November 14, 2024, OneStaff and Davin Healthcare entered into a Subcontract Supplier Agreement pursuant to which OneStaff agreed to provide temporary medical staffing services to Davin Healthcare's Client—Claxton-Hepburn—and Davin Healthcare agreed to collect payment from Claxton-Hepburn and remit said payment to OneStaff for said services as they were rendered (the "Claxton-Hepburn Agreement"). A true and correct copy of the Claxton-Hepburn Agreement is attached hereto and incorporated herein as **Exhibit C**.

26. Pursuant to the terms of the Claxton-Hepburn Agreement, Davin Healthcare was to provide certain centralized vendor management services to Claxton-Hepburn in connection with its use of OneStaff's professionals.

27. Section 14 of the Claxton-Hepburn Agreement provides the terms and conditions relating to payment for OneStaff's services:

a. OneStaff's professionals would submit time sheets to Davin Healthcare which Davin Healthcare would forward to OneStaff.

b. After the pay period ending date, OneStaff would create an invoice based on the time sheets and submit said invoice to Davin Healthcare.

c. Davin Healthcare would then add its administrative fee (4%) to the OneStaff invoice and create a new Davin Healthcare invoice.

d. The new Davin Healthcare invoice would be sent to Claxton-Hepburn for payment.

e. Claxton-Hepburn would then remit payment to Davin Healthcare.

28. Pursuant to Section 14(c) of the Claxton-Hepburn Agreement, Davin Healthcare was to remit payment to OneStaff within "14 days of clearing of payment from [Claxton-Hepburn] for the same services rendered."

29. OneStaff provided the services outlined in the Claxton-Hepburn Agreement and invoiced Davin Healthcare for said services. A true and correct copy of a statement summarizing all unpaid invoices previously sent to Davin Healthcare for services provided pursuant to the Claxton-Hepburn Agreement is attached as **Exhibit D**.

30. Pursuant to Section 14(f) of the Claxton-Hepburn Agreement, "[i]n the event of non-payment of [Claxton-Hepburn] after 90 days from *the pay period ending date*, [OneStaff] may seek payment directly from [Claxton-Hepburn] and may exercise any applicable legal remedies against [Claxton-Hepburn]." (emphasis added).

31. As can be seen from Exhibit D, as of January 19, 2026, the principal amount of $60,340.18 has been outstanding for more than 90 days past the date the

OneStaff invoice was issued and therefore more than 90 days past the pay period ending date.

32. Said statement contains a true and accurate reflection of the invoices and principal amounts due in the amount of $60,340.18.

33. Claxton-Hepburn and Davin Healthcare failed and/or refused to pay for the services rendered by OneStaff.

34. The Claxton-Hepburn account with OneStaff is now past due and owing in the principal amount of $60,340.18 plus accrued statutory pre-judgment interest. Additional interest will continue to accrue through the date of judgment on the claims presented in this lawsuit.

35. OneStaff has attempted to collect the amount that is due and owing amicably, but Claxton-Hepburn and Davin Healthcare have refused, and continue to refuse, to pay.

36. OneStaff has made written demands to Claxton-Hepburn and Davin Healthcare for payment, but Claxton-Hepburn and Davin Healthcare have ignored or refused to honor such demands.

37. By filing and serving this Complaint, OneStaff again issues demand for payment to Claxton-Hepburn and Davin Healthcare for the amounts identified herein.

*The Weiser Memorial Agreement*

38. On or about October 4, 2024, OneStaff and Davin Healthcare entered into a Subcontract Supplier Agreement pursuant to which OneStaff agreed to provide temporary medical staffing services to Davin Healthcare's Client—Weiser Memorial Hospital Foundation, Inc. ("Weiser Memorial")—and Davin Healthcare agreed to collect payment from Weiser Memorial and remit said payment to OneStaff for said services as they were rendered (the "Weiser Memorial Agreement"). A true and correct copy of the Weiser Memorial Agreement is attached hereto and incorporated herein as **Exhibit E**.

39. Pursuant to the terms of the Weiser Memorial Agreement, Davin Healthcare was to provide certain centralized vendor management services to Weiser Memorial in connection with its use of OneStaff's professionals.

40. Section 14 of the Weiser Memorial Agreement provides the terms and conditions relating to payment for OneStaff's services:

a. OneStaff's professionals would submit time sheets to Davin Healthcare which Davin Healthcare would forward to OneStaff.
b. After the pay period ending date, OneStaff would create an invoice based on the time sheets and submit said invoice to Davin Healthcare.
c. Davin Healthcare would then add its administrative fee (6%) to the OneStaff invoice and create a new Davin Healthcare invoice.
d. The new Davin Healthcare invoice would be sent to Weiser Memorial for payment.

e. Weiser Memorial would then remit payment to Davin Healthcare.

41. Pursuant to Section 14(c) of the Weiser Memorial Agreement, Davin Healthcare was to remit payment to OneStaff within "14 days of clearing of payment from [Weiser Memorial] for the same services rendered."

42. OneStaff provided the services outlined in the Weiser Memorial Agreement and invoiced Davin Healthcare for said services. A true and correct copy of a statement summarizing all unpaid invoices previously sent to Davin Healthcare for services provided pursuant to the Weiser Memorial Agreement is attached as **Exhibit F**.

43. Pursuant to Section 14(f) of the Weiser Memorial Agreement, "[i]n the event of non-payment of [Weiser Memorial] after 90 days from *the pay period ending date*, [OneStaff] may seek payment directly from [Weiser Memorial] and may exercise any applicable legal remedies against [Weiser Memorial]." (emphasis added).

44. As can be seen from Exhibit F, as of January 19, 2026, the principal amount of $47,780.38 has been outstanding for more than 90 days past the date the OneStaff invoice was issued and therefore more than 90 days past the pay period ending date.

45. Said statement contains a true and accurate reflection of the invoices and principal amounts due in the amount of $47,780.38.

46. Based on communications and documentation provided by Weiser Memorial, Weiser Memorial paid Davin Healthcare in full for the services provided by OneStaff pursuant to the Weiser Memorial Agreement.

47. Davin Healthcare failed and/or refused to pay for the services rendered by OneStaff by failing to remit the amounts owed to OneStaff which Davin Healthcare had received from Weiser Memorial.

48. The Weiser Memorial account with OneStaff is now past due and owing in the principal amount of $47,780.38 plus accrued statutory pre-judgment interest. Additional interest will continue to accrue through the date of judgment on the claims presented in this lawsuit.

49. OneStaff has attempted to collect the amount that is due and owing amicably, but Davin Healthcare has refused, and continues to refuse, to pay.

50. OneStaff has made written demands to Davin Healthcare for payment, but Davin Healthcare has ignored or refused to honor such demands.

51. By filing and serving this Complaint, OneStaff again issues demand for payment to Davin Healthcare for the amounts identified herein.

*The Saratoga Hospital Agreement*

52. On or about July 26, 2024, OneStaff and Davin Healthcare entered into a Subcontract Supplier Agreement pursuant to which OneStaff agreed to provide temporary medical staffing services to Davin Healthcare's Client—

Saratoga Hospital—and Davin Healthcare agreed to collect payment from Saratoga Hospital and remit said payment to OneStaff for said services as they were rendered (the "Saratoga Hospital Agreement"). A true and correct copy of the Saratoga Hospital Agreement is attached hereto and incorporated herein as **Exhibit G**.

53. Pursuant to the terms of the Saratoga Hospital Agreement, Davin Healthcare was to provide certain centralized vendor management services to Saratoga Hospital in connection with its use of OneStaff's professionals.

54. Section 14 of the Saratoga Hospital Agreement provides the terms and conditions relating to payment for OneStaff's services:

a. OneStaff's professionals would submit time sheets to Davin Healthcare which Davin Healthcare would forward to OneStaff.
b. After the pay period ending date, OneStaff would create an invoice based on the time sheets and submit said invoice to Davin Healthcare.
c. Davin Healthcare would then add its administrative fee (6%) to the OneStaff invoice and create a new Davin Healthcare invoice.
d. The new Davin Healthcare invoice would be sent to Saratoga Hospital for payment.
e. Saratoga Hospital would then remit payment to Davin Healthcare.

55. Pursuant to Section 14(c) of the Saratoga Hospital Agreement, Davin Healthcare was to remit payment to OneStaff within "14 days of clearing of payment from [Saratoga Hospital] for the same services rendered."

56. OneStaff provided the services outlined in the Saratoga Hospital Agreement and invoiced Davin Healthcare for said services. A true and correct copy of a statement summarizing all unpaid invoices previously sent to Davin Healthcare for services provided pursuant to the Saratoga Hospital Agreement is attached as **Exhibit H**.

57. Pursuant to Section 14(f) of the Saratoga Hospital Agreement, "[i]n the event of non-payment of [Saratoga Hospital] after 90 days from *the pay period ending date*, [OneStaff] may seek payment directly from [Saratoga Hospital] and may exercise any applicable legal remedies against [Saratoga Hospital]." (emphasis added).

58. As can be seen from Exhibit H, as of January 19, 2026, the principal amount of $38,667.83 has been outstanding for more than 90 days past the date the OneStaff invoice was issued and therefore more than 90 days past the pay period ending date.

59. Said statement contains a true and accurate reflection of the invoices and principal amounts due in the amount of $38,667.83.

60. Saratoga Hospital and Davin Healthcare failed and/or refused to pay for the services rendered by OneStaff.

61. The Saratoga Hospital account with OneStaff is now past due and owing in the principal amount of $38,667.83 plus accrued statutory pre-judgment

interest. Additional interest will continue to accrue through the date of judgment on the claims presented in this lawsuit.

62. OneStaff has attempted to collect the amount that is due and owing amicably, but Saratoga Hospital and Davin Healthcare have refused, and continue to refuse, to pay.

63. OneStaff has made written demands to Saratoga Hospital and Davin Healthcare for payment, but Saratoga Hospital and Davin Healthcare have ignored or refused to honor such demands.

64. By filing and serving this Complaint, OneStaff again issues demand for payment to Saratoga Hospital and Davin Healthcare for the amounts identified herein.

*The Oneida Health Agreement*

65. On or about February 9, 2024, OneStaff and Davin Healthcare entered into a Subcontract Supplier Agreement pursuant to which OneStaff agreed to provide temporary medical staffing services to Davin Healthcare's Client—Oneida Health—and Davin Healthcare agreed to collect payment from Oneida Health and remit said payment to OneStaff for said services as they were rendered (the "Oneida Health Agreement"). A true and correct copy of the Oneida Health Agreement is attached hereto and incorporated herein as **Exhibit I**.

66. Pursuant to the terms of the Oneida Health Agreement, Davin Healthcare was to provide certain centralized vendor management services to Oneida Health in connection with its use of OneStaff's professionals.

67. Section 14 of the Oneida Health Agreement provides the terms and conditions relating to payment for OneStaff's services:

a. OneStaff's professionals would submit time sheets to Davin Healthcare which Davin Healthcare would forward to OneStaff.

b. After the pay period ending date, OneStaff would create an invoice based on the time sheets and submit said invoice to Davin Healthcare.

c. Davin Healthcare would then add its administrative fee (4%) to the OneStaff invoice and create a new Davin Healthcare invoice.

d. The new Davin Healthcare invoice would be sent to Oneida Health for payment.

e. Oneida Health would then remit payment to Davin Healthcare.

68. Pursuant to Section 14(c) of the Oneida Health Agreement, Davin Healthcare was to remit payment to OneStaff within "14 days of clearing of payment from [Oneida Health] for the same services rendered."

69. OneStaff provided the services outlined in the Oneida Health Agreement and invoiced Davin Healthcare for said services. A true and correct copy of a statement summarizing all unpaid invoices previously sent to Davin Healthcare for services provided pursuant to the Oneida Health Agreement is attached as **Exhibit J**.

70. Pursuant to Section 14(f) of the Oneida Health Agreement, "[i]n the event of non-payment of [Oneida Health] after 90 days from *the pay period ending date*, [OneStaff] may seek payment directly from [Oneida Health] and may exercise any applicable legal remedies against [Oneida Health]." (emphasis added).

71. As can be seen from Exhibit J, as of January 19, 2026, the principal amount of $12,747.84 has been outstanding for more than 90 days past the date the OneStaff invoice was issued and therefore more than 90 days past the pay period ending date.

72. Said statement contains a true and accurate reflection of the invoices and principal amounts due in the amount of $12,747.84.

73. Oneida Health and Davin Healthcare failed and/or refused to pay for the services rendered by OneStaff.

74. The Oneida Health account with OneStaff is now past due and owing in the principal amount of $12,747.84 plus accrued statutory pre-judgment interest. Additional interest will continue to accrue through the date of judgment on the claims presented in this lawsuit.

75. OneStaff has attempted to collect the amount that is due and owing amicably, but Oneida Health and Davin Healthcare have refused, and continue to refuse, to pay.

76. OneStaff has made written demands to Oneida Health and Davin Healthcare for payment, but Oneida Health and Davin Healthcare have ignored or refused to honor such demands.

77. By filing and serving this Complaint, OneStaff again issues demand for payment to Oneida Health and Davin Healthcare for the amounts identified herein.

*The Bassett Medical Agreement*

78. On or about April 30, 2020, OneStaff and Davin Healthcare[3] entered into a Subcontract Supplier Agreement pursuant to which OneStaff agreed to provide temporary medical staffing services to Davin Healthcare's Client—The Mary Imogene Bassett Hospital d/b/a Bassett Medical Center ("Bassett Medical")—and Davin Healthcare agreed to collect payment from Bassett Medical and remit said payment to OneStaff for said services as they were rendered (the "Bassett Medical Agreement"). A true and correct copy of the Bassett Medical Agreement is attached hereto and incorporated herein as **Exhibit K**.

79. Pursuant to the terms of the Bassett Medical Agreement, Davin Healthcare was to provide certain centralized vendor management services to Bassett Medical in connection with its use of OneStaff's professionals.

[3] This Agreement was between Stat Staff and OneStaff. Upon information and belief, Stat Staff was a predecessor in interest to Davin Healthcare either through merger, acquisition, or otherwise. Accordingly, the rights previously held by Stat Staff under the Bassett Medical Agreement are now held by Davin Healthcare.

80. Section 14 of the Bassett Medical Agreement provides the terms and conditions relating to payment for OneStaff's services:

a. OneStaff's professionals would submit time sheets to Davin Healthcare which Davin Healthcare would forward to OneStaff.
b. After the pay period ending date, OneStaff would create an invoice based on the time sheets and submit said invoice to Davin Healthcare.
c. Davin Healthcare would then add its administrative fee (4%) to the OneStaff invoice and create a new Davin Healthcare invoice.
d. The new Davin Healthcare invoice would be sent to Bassett Medical for payment.
e. Bassett Medical would then remit payment to Davin Healthcare.

81. Pursuant to Section 14(c) of the Bassett Medical Agreement, Davin Healthcare was to remit payment to OneStaff within "14 days of clearing of payment from [Bassett Medical] for the same services rendered."

82. OneStaff provided the services outlined in the Bassett Medical Agreement and invoiced Davin Healthcare for said services. A true and correct copy of a statement summarizing all unpaid invoices previously sent to Davin Healthcare for services provided pursuant to the Bassett Medical Agreement is attached as **Exhibit L**.

83. Pursuant to Section 14(f) of the Bassett Medical Agreement, "[i]n the event of non-payment of [Bassett Medical] after 90 days from *the pay period ending date*, [OneStaff] may seek payment directly from [Bassett Medical] and

may exercise any applicable legal remedies against [Bassett Medical].” (emphasis added).

84. As can be seen from Exhibit L, as of January 19, 2026, the principal amount of $11,507.97 has been outstanding for more than 90 days past the date the OneStaff invoice was issued and therefore more than 90 days past the pay period ending date.

85. Said statement contains a true and accurate reflection of the invoices and principal amounts due in the amount of $11,507.97.

86. Based on communications and documentation provided by Bassett Medical, Bassett Medical has paid Davin Healthcare in full for the services provided by OneStaff pursuant to the Bassett Medical Agreement.

87. Davin Healthcare failed and/or refused to pay for the services rendered by OneStaff by failing to remit the amounts owed to OneStaff which Davin Healthcare had received from Bassett Medical.

88. The Bassett Medical account with OneStaff is now past due and owing in the principal amount of $11,507.97 plus accrued statutory pre-judgment interest. Additional interest will continue to accrue through the date of judgment on the claims presented in this lawsuit.

89. OneStaff has attempted to collect the amount that is due and owing amicably, but Davin Healthcare has refused, and continues to refuse, to pay.

90. OneStaff has made written demands to Davin Healthcare for payment, but Davin Healthcare has ignored or refused to honor such demands.

91. By filing and serving this Complaint, OneStaff again issues demand for payment to Davin Healthcare for the amounts identified herein.

*The Columbia Memorial Agreement*

92. On or about December 12, 2024, OneStaff and Davin Healthcare entered into a Subcontract Supplier Agreement pursuant to which OneStaff agreed to provide temporary medical staffing services to Davin Healthcare's Client—Columbia Memorial—and Davin Healthcare agreed to collect payment from Columbia Memorial and remit said payment to OneStaff for said services as they were rendered (the "Columbia Memorial Agreement"). A true and correct copy of the Columbia Memorial Agreement is attached hereto and incorporated herein as **Exhibit M**.

93. Pursuant to the terms of the Columbia Memorial Agreement, Davin Healthcare was to provide certain centralized vendor management services to Columbia Memorial in connection with its use of OneStaff's professionals.

94. Section 14 of the Columbia Memorial Agreement provides the terms and conditions relating to payment for OneStaff's services:

a. OneStaff's professionals would submit time sheets to Davin Healthcare which Davin Healthcare would forward to OneStaff.

b. After the pay period ending date, OneStaff would create an invoice based on the time sheets and submit said invoice to Davin Healthcare.

c. Davin Healthcare would then add its administrative fee (6%) to the OneStaff invoice and create a new Davin Healthcare invoice.

d. The new Davin Healthcare invoice would be sent to Columbia Memorial for payment.

e. Columbia Memorial would then remit payment to Davin Healthcare.

95. Pursuant to Section 14(c) of the Columbia Memorial Agreement, Davin Healthcare was to remit payment to OneStaff within "14 days of clearing of payment from [Columbia Memorial] for the same services rendered."

96. OneStaff provided the services outlined in the Columbia Memorial Agreement and invoiced Davin Healthcare for said services. A true and correct copy of a statement summarizing all unpaid invoices previously sent to Davin Healthcare for services provided pursuant to the Columbia Memorial Agreement is attached as **Exhibit N**.

97. Pursuant to Section 14(f) of the Columbia Memorial Agreement, "[i]n the event of non-payment of [Columbia Memorial] after 90 days from *the pay period ending date*, [OneStaff] may seek payment directly from [Columbia Memorial] and may exercise any applicable legal remedies against [Columbia Memorial]." (emphasis added).

98. As can be seen from Exhibit N, as of February 5, 2026, the principal amount of $40,130.34 has been outstanding for more than 90 days past the date the OneStaff invoice was issued and therefore more than 90 days past the pay period ending date.

99. Additionally, given the history of non-payment, it is reasonable to presume that payment for the remaining invoices (INV255543, INV256342, INV257210, INV259344, INV260117, INV261176, INV262961, and INV263633) will not be received within 90 days of the pay period ending date thereby enabling OneStaff to pursue collection of those amounts directly from Columbia Memorial upon reaching the 90-day mark—the latest of which is February 26, 2026.

100. Exhibit N contains a true and accurate reflection of invoices INV254401, INV255543, INV256342, INV257210, INV259344, INV260117, INV261176, INV262961, and INV263633 which are less than 90-days past the pay period ending date and which total an additional $31,642.13.

101. Columbia Memorial and Davin Healthcare failed and/or refused to pay for the services rendered by OneStaff.

102. The Columbia Memorial account with OneStaff is now past due and owing in the total principal amount of $71,772.47 plus accrued statutory pre-judgment interest. Additional interest will continue to accrue through the date of judgment on the claims presented in this lawsuit.

103. OneStaff has attempted to collect the amount that is due and owing amicably, but Columbia Memorial[4] and Davin Healthcare have refused, and continue to refuse, to pay.

104. OneStaff has made written demands to Columbia Memorial and Davin Healthcare for payment, but Columbia Memorial and Davin Healthcare have ignored or refused to honor such demands.

105. By filing and serving this Complaint, OneStaff again issues demand for payment to Columbia Memorial and Davin Healthcare for the amounts identified herein.

**FIRST CLAIM FOR RELIEF**

***Breach of Contract Against Davin Healthcare (St. Mary's Agreement)***

106. OneStaff incorporates the allegations of paragraphs 1-24 as if fully set forth herein.

107. OneStaff and Davin Healthcare's predecessor in interest, Stat Staff, entered into the written St. Mary's Agreement.

108. Davin Healthcare has since acquired Stat Staff's rights and obligations under the St. Mary's Agreement.

109. OneStaff provided the services outlined in the St. Mary's Agreement.

[4] Demands sent directly to Columbia Memorial have only included amounts that were over 90-days past due at the time of the demand. *See also* ¶ 104.

110. St. Mary's and/or Davin Healthcare accepted the services, and made no allegations of any material breach of the St. Mary's Agreement by OneStaff, and did not allege that the services provided were deficient in any way.

111. OneStaff invoiced St. Mary's via Davin Healthcare for the services provided pursuant to the St. Mary's Agreement.

112. Upon information and belief,[5] Davin Healthcare received payment, in full or in part, from St. Mary's for services performed by OneStaff under the St. Mary's Agreement.

113. Davin Healthcare has failed and/or refused to remit to OneStaff the payment which Davin Healthcare received from St. Mary's for services performed by OneStaff under the St. Mary's Agreement as set forth in Paragraph 14(c) of the St. Mary's Agreement.

114. Davin Healthcare has breached the St. Mary's Agreement by failing to remit to OneStaff the payment which Davin Healthcare received from St. Mary's for services performed by OneStaff under the St. Mary's Agreement as set forth in Paragraph 14(c) of the St. Mary's Agreement.

---

[5] At the time of filing, OneStaff has not been able to determine whether Davin's failure to pay is due to (a) its clients' failure to pay Davin; or (b) Davin's failure to pay OneStaff, despite receipt of payment from its client(s). Thus, OneStaff pleads in the alternative that both Davin and its client(s) have failed to remit payment. This issue applies to all allegations relating to payment/nonpayment and the Complaint will be amended to clarify after relevant discovery.

115. OneStaff has made repeated demands in writing for payment, but Davin Healthcare has failed and/or refused to make payment.

116. Davin Healthcare has had notice of its failure to honor the obligations set forth in the St. Mary's Agreement, that the services called for under the St. Mary's Agreement were rendered without objection or complaint, and that OneStaff invoiced St. Mary's via Davin Healthcare for said amount, and that upon information and belief, Davin Healthcare received payment from St. Mary's, but Davin Healthcare has knowingly decided not to pay the amount due and owing to OneStaff.

117. As a result of Davin Healthcare's breach of the St. Mary's Agreement, OneStaff has been damaged in the amount of at least $100,742.42 in unpaid principal as of the date of filing.

118. OneStaff has performed all conditions precedent and substantially performed its duties and obligations under the St. Mary's Agreement, or such conditions precedent and performance have been waived or excused.

WHEREFORE, Plaintiff ONESTAFF MEDICAL, LIMITED LIABILITY COMPANY respectfully requests that the Court enter judgment in its favor and against Defendant DAVIN HEALTHCARE WORKFORCE SOLUTIONS, INC. in the amount of at least $100,742.42 in unpaid principal, plus prejudgment interest as allowed by law, and post judgment interest at the current statutory rate of 9%,

plus attorney's fees and costs as allowed by law.

**SECOND CLAIM FOR RELIEF**

(In the Alternative to the First Claim for Relief as to Davin Healthcare)

***Quantum Meruit/Unjust Enrichment Against St. Mary's and Davin Healthcare***

119. OneStaff incorporates the allegations of paragraphs 1-24 as if fully set forth herein.

120. OneStaff provided valuable services to St. Mary's and/or Davin Healthcare pursuant to their request, and under circumstances that obligate them to pay for such services.

121. OneStaff provided the services to St. Mary's and/or Davin Healthcare with the expectation that it would be paid for the services.

122. St. Mary's and/or Davin Healthcare understood that OneStaff expected to be paid for the services rendered.

123. St. Mary's and/or Davin Healthcare have failed and/or refused to pay OneStaff for such services, and have thereby received and retained benefits and services from OneStaff under circumstances whereby it would be inequitable and unconscionable to permit St. Mary's and/or Davin Healthcare to avoid payment therefore.

124. OneStaff has been harmed as a consequence of St. Mary's and/or Davin Healthcare's refusal to pay the fair and reasonable value of OneStaff's services to OneStaff in an amount to be determined at trial, which is equal to at

least $79,356.77 (as to St. Mary's as of February 5, 2026) and at least $100,742.42 (as to Davin Healthcare) exclusive of attorney's fees, interest, and other fees and costs as of the date of filing; at the time of trial, OneStaff anticipates additional amounts will be due and owing by St. Mary's and OneStaff will provide further proof of said amounts at trial.

WHEREFORE, Plaintiff ONESTAFF MEDICAL, LIMITED LIABILITY COMPANY respectfully requests that the Court enter judgment in its favor and jointly and severally against Defendants DAVIN HEALTHCARE WORKFORCE SOLUTIONS, INC. and St. MARY'S HEALTHCARE in the amount of at least $79,356.77 (as to St. Mary's as of February 5, 2026) and at least $100,742.42 (as to Davin Healthcare), plus the additional amounts referenced in paragraphs 19 and 124 above, plus prejudgment interest, and post judgment interest, plus attorney's fees and costs as allowed by law.

## THIRD CLAIM FOR RELIEF

***Breach of Contract Against Davin Healthcare (Claxton-Hepburn Agreement)***

125. OneStaff incorporates the allegations of paragraphs 1-9 and 25-37 as if fully set forth herein.

126. OneStaff and Davin Healthcare entered into the written Claxton-Hepburn Agreement.

127. OneStaff provided the services outlined in the Claxton-Hepburn Agreement.

128. Claxton-Hepburn and/or Davin Healthcare accepted the services, and made no allegations of any material breach of the Claxton-Hepburn Agreement by OneStaff, and did not allege that the services provided were deficient in any way.

129. OneStaff invoiced Claxton-Hepburn via Davin Healthcare for the services provided pursuant to the Claxton-Hepburn Agreement.

130. Upon information and belief, Davin Healthcare received payment, in full or in part, from Claxton-Hepburn for services performed by OneStaff under the Claxton-Hepburn Agreement.

131. Davin Healthcare has failed and/or refused to remit to OneStaff the payment which Davin Healthcare received from Claxton-Hepburn for services performed by OneStaff under the Claxton-Hepburn Agreement as set forth in Paragraph 14(c) of the Claxton-Hepburn Agreement.

132. Davin Healthcare has breached the Claxton-Hepburn Agreement by failing to remit to OneStaff the payment which Davin Healthcare received from Claxton-Hepburn for services performed by OneStaff under the Claxton-Hepburn Agreement as set forth in Paragraph 14(c) of the Claxton-Hepburn Agreement.

133. OneStaff has made repeated demands in writing for payment, but Davin Healthcare has failed and/or refused to make payment.

134. Davin Healthcare has had notice of its failure to honor the obligations set forth in the Claxton-Hepburn Agreement, that the services called for under the

Claxton-Hepburn Agreement were rendered without objection or complaint, and that OneStaff invoiced Claxton-Hepburn via Davin Healthcare for said amount, and that upon information and belief, Davin Healthcare received payment from Claxton-Hepburn, but Davin Healthcare has knowingly decided not to pay the amount due and owing to OneStaff.

135. As a result of Claxton-Hepburn and/or Davin Healthcare's breach of the Claxton-Hepburn Agreement, OneStaff has been damaged in the amount of at least $60,340.18 in unpaid principal.

136. OneStaff has performed all conditions precedent and substantially performed its duties and obligations under the Claxton-Hepburn Agreement, or such conditions precedent and performance have been waived or excused.

WHEREFORE, Plaintiff ONESTAFF MEDICAL, LIMITED LIABILITY COMPANY respectfully requests that the Court enter judgment in its favor and against Defendant DAVIN HEALTHCARE WORKFORCE SOLUTIONS, INC. in the amount of at least $60,340.18 in unpaid principal, plus prejudgment interest as allowed by law, and post judgment interest at the current statutory rate of 9%, plus attorney's fees and costs as allowed by law.

**FOURTH CLAIM FOR RELIEF**

(In the Alternative to the Third Claim for Relief as to Davin Healthcare)

***Quantum Meruit/Unjust Enrichment Against Claxton-Hepburn and Davin Healthcare***

137. OneStaff incorporates the allegations of paragraphs 1-9 and 25-37 as if fully set forth herein.

138. OneStaff provided valuable services to Claxton-Hepburn and/or Davin Healthcare pursuant to their request, and under circumstances that obligate them to pay for such services.

139. OneStaff provided the services to Claxton-Hepburn and/or Davin Healthcare with the expectation that it would be paid for the services.

140. Claxton-Hepburn and/or Davin Healthcare understood that OneStaff expected to be paid for the services rendered.

141. Claxton-Hepburn and/or Davin Healthcare have failed and/or refused to pay OneStaff for such services, and have thereby received and retained benefits and services from OneStaff under circumstances whereby it would be inequitable and unconscionable to permit Claxton-Hepburn and/or Davin Healthcare to avoid payment therefore.

142. OneStaff has been harmed as a consequence of Claxton-Hepburn and/or Davin Healthcare's refusal to pay the fair and reasonable value of OneStaff's services to OneStaff in an amount to be determined at trial, which is equal to at least $60,340.18 exclusive of attorney's fees, interest, and other fees and costs.

WHEREFORE, Plaintiff ONESTAFF MEDICAL, LIMITED LIABILITY

COMPANY respectfully requests that the Court enter judgment in its favor and jointly and severally against Defendants DAVIN HEALTHCARE WORKFORCE SOLUTIONS, INC. and CLAXTON-HEPBURN MEDICAL CENTER in the amount of at least $60,340.18, plus prejudgment interest, and post judgment interest, plus attorney's fees and costs as allowed by law.

**FIFTH CLAIM FOR RELIEF**

***Breach of Contract Against Davin Healthcare (Weiser Memorial Agreement)***

143. OneStaff incorporates the allegations of paragraphs 1-9 and 38-51 as if fully set forth herein.

144. OneStaff and Davin Healthcare entered into the written Weiser Memorial Agreement.

145. OneStaff provided the services outlined in the Weiser Memorial Agreement.

146. Weiser Memorial and/or Davin Healthcare accepted the services, and made no allegations of any material breach of the Weiser Memorial Agreement by OneStaff, and did not allege that the services provided were deficient in any way.

147. OneStaff invoiced Weiser Memorial via Davin Healthcare for the services provided pursuant to the Weiser Memorial Agreement.

148. Davin Healthcare received payment in full from Weiser Memorial for services performed by OneStaff under the Weiser Memorial Agreement.

149. Davin Healthcare has failed and/or refused to remit to OneStaff the payment which Davin Healthcare received from Weiser Memorial for services performed by OneStaff under the Weiser Memorial Agreement as set forth in Paragraph 14(c) of the Weiser Memorial Agreement.

150. Davin Healthcare has breached the Weiser Memorial Agreement by failing to remit to OneStaff the payment which Davin Healthcare received from Weiser Memorial for services performed by OneStaff under the Weiser Memorial Agreement as set forth in Paragraph 14(c) of the Weiser Memorial Agreement.

151. OneStaff has made repeated demands in writing for payment, but Davin Healthcare has failed and/or refused to make payment.

152. Davin Healthcare has had notice of its failure to honor the obligations set forth in the Weiser Memorial Agreement, that the services called for under the Weiser Memorial Agreement were rendered without objection or complaint, and that OneStaff invoiced Weiser Memorial via Davin Healthcare for said amount, and that Davin Healthcare received payment in full from Weiser Memorial, but Davin Healthcare has knowingly decided not to pay the amount due and owing to OneStaff.

153. As a result of Davin Healthcare's breach of the Weiser Memorial Agreement, OneStaff has been damaged in the amount of at least $47,780.38 in unpaid principal.

154. OneStaff has performed all conditions precedent and substantially performed its duties and obligations under the Weiser Memorial Agreement, or such conditions precedent and performance have been waived or excused.

WHEREFORE, Plaintiff ONESTAFF MEDICAL, LIMITED LIABILITY COMPANY respectfully requests that the Court enter judgment in its favor and against Defendant DAVIN HEALTHCARE WORKFORCE SOLUTIONS, INC. in the amount of at least $47,780.38 in unpaid principal, plus prejudgment interest as allowed by law, and post judgment interest at the current statutory rate of 9%, plus attorney's fees and costs as allowed by law.

## SIXTH CLAIM FOR RELIEF

(In the Alternative to the Fifth Claim for Relief)

***Quantum Meruit/Unjust Enrichment Against Davin Healthcare***

155. OneStaff incorporates the allegations of paragraphs 1-9 and 38-51 as if fully set forth herein.

156. OneStaff provided valuable services to Weiser Memorial and/or Davin Healthcare pursuant to its request, and under circumstances that obligate it to pay for such services.

157. OneStaff provided the services to Weiser Memorial and/or Davin Healthcare with the expectation that it would be paid for the services.

158. Davin Healthcare understood that OneStaff expected to be paid for the services rendered.

159. Davin Healthcare has failed and/or refused to pay OneStaff for such services, and has thereby received and retained benefits and services from OneStaff under circumstances whereby it would be inequitable and unconscionable to permit Davin Healthcare to avoid payment therefore.

160. OneStaff has been harmed as a consequence of Davin Healthcare's refusal to pay the fair and reasonable value of OneStaff's services to OneStaff in an amount to be determined at trial, which is equal to at least $47,780.38 exclusive of attorney's fees, interest, and other fees and costs.

WHEREFORE, Plaintiff ONESTAFF MEDICAL, LIMITED LIABILITY COMPANY respectfully requests that the Court enter judgment in its favor and against Defendant DAVIN HEALTHCARE WORKFORCE SOLUTIONS, INC. in the amount of at least $47,780.38, plus prejudgment interest, and post judgment interest, plus attorney's fees and costs as allowed by law.

## SEVENTH CLAIM FOR RELIEF

***Breach of Contract Against Davin Healthcare (Saratoga Hospital Agreement)***

161. OneStaff incorporates the allegations of paragraphs 1-9 and 52-64 as if fully set forth herein.

162. OneStaff and Saratoga Hospital and/or Davin Healthcare entered into the written Saratoga Hospital Agreement.

163. OneStaff provided the services outlined in the Saratoga Hospital Agreement.

164. Saratoga Hospital and/or Davin Healthcare accepted the services, and made no allegations of any material breach of the Saratoga Hospital Agreement by OneStaff, and did not allege that the services provided were deficient in any way.

165. OneStaff invoiced Saratoga Hospital via Davin Healthcare for the services provided pursuant to the Saratoga Hospital Agreement.

166. Upon information and belief, Davin Healthcare received payment, in full or in part, from Saratoga Hospital for services performed by OneStaff under the Saratoga Hospital Agreement.

167. Davin Healthcare has failed and/or refused to remit to OneStaff the payment which Davin Healthcare received from Saratoga Hospital for services performed by OneStaff under the Saratoga Hospital Agreement as set forth in Paragraph 14(c) of the Saratoga Hospital Agreement.

168. Davin Healthcare has breached the Saratoga Hospital Agreement by failing to remit to OneStaff the payment which Davin Healthcare received from Saratoga Hospital for services performed by OneStaff under the Saratoga Hospital Agreement as set forth in Paragraph 14(c) of the Saratoga Hospital Agreement.

169. OneStaff has made repeated demands in writing for payment, but Davin Healthcare has failed and/or refused to make payment.

170. Davin Healthcare has had notice of its failure to honor the obligations set forth in the Saratoga Hospital Agreement, that the services called for under the Saratoga Hospital Agreement were rendered without objection or complaint, and that OneStaff invoiced Saratoga Hospital via Davin Healthcare for said amount, and that upon information and belief, Davin Healthcare received payment from Saratoga Hospital, but Davin Healthcare has knowingly decided not to pay the amount due and owing to OneStaff.

171. As a result of Saratoga Hospital and/or Davin Healthcare's breach of the Saratoga Hospital Agreement, OneStaff has been damaged in the amount of at least $38,667.83 in unpaid principal.

172. OneStaff has performed all conditions precedent and substantially performed its duties and obligations under the Saratoga Hospital Agreement, or such conditions precedent and performance have been waived or excused.

WHEREFORE, Plaintiff ONESTAFF MEDICAL, LIMITED LIABILITY COMPANY respectfully requests that the Court enter judgment in its favor and against Defendant DAVIN HEALTHCARE WORKFORCE SOLUTIONS, INC. in the amount of at least $38,667.83 in unpaid principal, plus prejudgment interest as allowed by law, and post judgment interest at the current statutory rate of 9%, plus attorney's fees and costs as allowed by law.

**EIGHTH CLAIM FOR RELIEF**

(In the Alternative to the Seventh Claim for Relief as to Davin Healthcare)

***Quantum Meruit/Unjust Enrichment Against Saratoga Hospital and Davin Healthcare***

173. OneStaff incorporates the allegations of paragraphs 1-9 and 52-64 as if fully set forth herein.

174. OneStaff provided valuable services to Saratoga Hospital and/or Davin Healthcare pursuant to their request, and under circumstances that obligate them to pay for such services.

175. OneStaff provided the services to Saratoga Hospital and/or Davin Healthcare with the expectation that it would be paid for the services.

176. Saratoga Hospital and/or Davin Healthcare understood that OneStaff expected to be paid for the services rendered.

177. Saratoga Hospital and Davin Healthcare have failed and/or refused to pay OneStaff for such services, and have thereby received and retained benefits and services from OneStaff under circumstances whereby it would be inequitable and unconscionable to permit Saratoga Hospital and/or Davin Healthcare to avoid payment therefore.

178. OneStaff has been harmed as a consequence of Saratoga Hospital and/or Davin Healthcare's refusal to pay the fair and reasonable value of OneStaff's services to OneStaff in an amount to be determined at trial, which is

equal to at least $38,667.83 exclusive of attorney's fees, interest, and other fees and costs.

WHEREFORE, Plaintiff ONESTAFF MEDICAL, LIMITED LIABILITY COMPANY respectfully requests that the Court enter judgment in its favor and jointly and severally against Defendants DAVIN HEALTHCARE WORKFORCE SOLUTIONS, INC. and ALBANY MED HEALTH SYSTEM d/b/a SARATOGA HOSPITAL in the amount of at least $38,667.83, plus prejudgment interest, and post judgment interest, plus attorney's fees and costs as allowed by law.

**NINTH CLAIM FOR RELIEF**

***Breach of Contract Against Davin Healthcare (Oneida Health Agreement)***

179. OneStaff incorporates the allegations of paragraphs 1-9 and 65-77 as if fully set forth herein.

180. OneStaff and Davin Healthcare entered into the written Oneida Health Agreement.

181. OneStaff provided the services outlined in the Oneida Health Agreement.

182. Oneida Health and/or Davin Healthcare accepted the services, and made no allegations of any material breach of the Oneida Health Agreement by OneStaff, and did not allege that the services provided were deficient in any way.

183. OneStaff invoiced Oneida Health via Davin Healthcare for the services provided pursuant to the Oneida Health Agreement.

184. Upon information and belief, Davin Healthcare received payment, in full or in part, from Oneida Health for services performed by OneStaff under the Oneida Health Agreement.

185. Davin Healthcare has failed and/or refused to remit to OneStaff the payment which Davin Healthcare received from Oneida Health for services performed by OneStaff under the Oneida Health Agreement as set forth in Paragraph 14(c) of the Oneida Health Agreement.

186. Davin Healthcare has breached the Oneida Health Agreement by failing to remit to OneStaff the payment which Davin Healthcare received from Oneida Health for services performed by OneStaff under the Oneida Health Agreement as set forth in Paragraph 14(c) of the Oneida Health Agreement.

187. OneStaff has made repeated demands in writing for payment, but Davin Healthcare has failed and/or refused to make payment.

188. Davin Healthcare has had notice of its failure to honor the obligations set forth in the Oneida Health Agreement, that the services called for under the Oneida Health Agreement were rendered without objection or complaint, and that OneStaff invoiced Oneida Health via Davin Healthcare for said amount, and that upon information and belief, Davin Healthcare received payment from Oneida Health, but Davin Healthcare has knowingly decided not to pay the amount due and owing to OneStaff.

189. As a result of Oneida Health and/or Davin Healthcare's breach of the Oneida Health Agreement, OneStaff has been damaged in the amount of at least $12,747.84 in unpaid principal.

190. OneStaff has performed all conditions precedent and substantially performed its duties and obligations under the Oneida Health Agreement, or such conditions precedent and performance have been waived or excused.

WHEREFORE, Plaintiff ONESTAFF MEDICAL, LIMITED LIABILITY COMPANY respectfully requests that the Court enter judgment in its favor and against Defendant DAVIN HEALTHCARE WORKFORCE SOLUTIONS, INC. in the amount of at least $12,747.84 in unpaid principal, plus prejudgment interest as allowed by law, and post judgment interest at the current statutory rate of 9%, plus attorney's fees and costs as allowed by law.

## TENTH CLAIM FOR RELIEF

(In the Alternative to the Ninth Claim for Relief as to Davin Healthcare)

***Quantum Meruit/Unjust Enrichment Against Oneida Health and Davin Healthcare***

191. OneStaff incorporates the allegations of paragraphs 1-9 and 65-77 as if fully set forth herein.

192. OneStaff provided valuable services to Oneida Health and/or Davin Healthcare pursuant to their request, and under circumstances that obligate them to pay for such services.

193. OneStaff provided the services to Oneida Health and/or Davin Healthcare with the expectation that it would be paid for the services.

194. Oneida Health and/or Davin Healthcare understood that OneStaff expected to be paid for the services rendered.

195. Oneida Health and Davin Healthcare have failed and/or refused to pay OneStaff for such services, and have thereby received and retained benefits and services from OneStaff under circumstances whereby it would be inequitable and unconscionable to permit Oneida Health and/or Davin Healthcare to avoid payment therefore.

196. OneStaff has been harmed as a consequence of Oneida Health and/or Davin Healthcare's refusal to pay the fair and reasonable value of OneStaff's services to OneStaff in an amount to be determined at trial, which is equal to at least $12,747.84 exclusive of attorney's fees, interest, and other fees and costs.

WHEREFORE, Plaintiff ONESTAFF MEDICAL, LIMITED LIABILITY COMPANY respectfully requests that the Court enter judgment in its favor and jointly and severally against Defendants DAVIN HEALTHCARE WORKFORCE SOLUTIONS, INC. and ONEIDA HEALTH SYSTEMS, INC. in the amount of at least $12,747.84, plus prejudgment interest, and post judgment interest, plus attorney's fees and costs as allowed by law.

## ELEVENTH CLAIM FOR RELIEF

***Breach of Contract Against Davin Healthcare (Bassett Medical Agreement)***

197. OneStaff incorporates the allegations of paragraphs 1-9 and 78-91 as if fully set forth herein.

198. OneStaff and Davin Healthcare's predecessor in interest, Stat Staff, entered into the written Bassett Medical Agreement.

199. Davin Healthcare has since acquired Stat Staff's rights and obligations under the Bassett Medical Agreement.

200. OneStaff provided the services outlined in the Bassett Medical Agreement.

201. Bassett Medical and/or Davin Healthcare accepted the services, and made no allegations of any material breach of the Bassett Medical Agreement by OneStaff, and did not allege that the services provided were deficient in any way.

202. OneStaff invoiced Bassett Medical via Davin Healthcare for the services provided pursuant to the Bassett Medical Agreement.

203. Davin Healthcare received payment in full from Bassett Medical for services performed by OneStaff under the Bassett Medical Agreement.

204. Davin Healthcare has failed and/or refused to remit to OneStaff the payment which Davin Healthcare received from Bassett Medical for services performed by OneStaff under the Bassett Medical Agreement as set forth in Paragraph 14(c) of the Bassett Medical Agreement.

205. Davin Healthcare has breached the Bassett Medical Agreement by failing to remit to OneStaff the payment which Davin Healthcare received from Bassett Medical for services performed by OneStaff under the Bassett Medical Agreement as set forth in Paragraph 14(c) of the Bassett Medical Agreement.

206. OneStaff has made repeated demands in writing for payment, but Davin Healthcare has failed and/or refused to make payment.

207. Davin Healthcare has had notice of its failure to honor the obligations set forth in the Bassett Medical Agreement, that the services called for under the Bassett Medical Agreement were rendered without objection or complaint, and that OneStaff invoiced Bassett Medical via Davin Healthcare for said amount, and that Davin Healthcare received payment from Bassett Medical, but Davin Healthcare has knowingly decided not to pay the amount due and owing to OneStaff.

208. As a result of Bassett Medical and/or Davin Healthcare's breach of the Bassett Medical Agreement, OneStaff has been damaged in the amount of at least $11,507.97 in unpaid principal.

209. OneStaff has performed all conditions precedent and substantially performed its duties and obligations under the Bassett Medical Agreement, or such conditions precedent and performance have been waived or excused.

WHEREFORE, Plaintiff ONESTAFF MEDICAL, LIMITED LIABILITY COMPANY respectfully requests that the Court enter judgment in its favor and

Case 1:25-cv-00255-MAD-PJE Document 1-6 Filed 02/28/26 Page 45 of 58

against Defendant DAVIN HEALTHCARE WORKFORCE SOLUTIONS, INC. in the amount of at least $11,507.97 in unpaid principal, plus prejudgment interest as allowed by law, and post judgment interest at the current statutory rate of 9%, plus attorney's fees and costs as allowed by law.

**<u>TWELFTH CLAIM FOR RELIEF</u>**
(In the Alternative to the Eleventh Claim for Relief)
***Quantum Meruit/Unjust Enrichment Against Davin Healthcare***

210. OneStaff incorporates the allegations of paragraphs 1-9 and 78-91 as if fully set forth herein.

211. OneStaff provided valuable services to Bassett Medical and/or Davin Healthcare pursuant to its request, and under circumstances that obligate it to pay for such services.

212. OneStaff provided the services to Bassett Medical and/or Davin Healthcare with the expectation that it would be paid for the services.

213. Davin Healthcare understood that OneStaff expected to be paid for the services rendered.

214. Davin Healthcare has failed and/or refused to pay OneStaff for such services, and has thereby received and retained benefits and services from OneStaff under circumstances whereby it would be inequitable and unconscionable to permit Davin Healthcare to avoid payment therefore.

215. OneStaff has been harmed as a consequence of Davin Healthcare's refusal to pay the fair and reasonable value of OneStaff's services to OneStaff in an amount to be determined at trial, which is equal to at least $11,507.97 exclusive of attorney's fees, interest, and other fees and costs.

WHEREFORE, Plaintiff ONESTAFF MEDICAL, LIMITED LIABILITY COMPANY respectfully requests that the Court enter judgment in its favor and against Defendant DAVIN HEALTHCARE WORKFORCE SOLUTIONS, INC. in the amount of at least $11,507.97, plus prejudgment interest, and post judgment interest, plus attorney's fees and costs as allowed by law.

## THIRTEENTH CLAIM FOR RELIEF

***Breach of Contract Against Davin Healthcare (Columbia Memorial Agreement)***

216. OneStaff incorporates the allegations of paragraphs 1-9 and 92-105 as if fully set forth herein.

217. OneStaff and Davin Healthcare entered into the written Columbia Memorial Agreement.

218. OneStaff provided the services outlined in the Columbia Memorial Agreement.

219. Columbia Memorial and/or Davin Healthcare accepted the services, and made no allegations of any material breach of the Columbia Memorial Agreement by OneStaff, and did not allege that the services provided were deficient in any way.

220. OneStaff invoiced Columbia Memorial via Davin Healthcare for the services provided pursuant to the Columbia Memorial Agreement.

221. Upon information and belief, Davin Healthcare received payment, in full or in part, from Columbia Memorial for services performed by OneStaff under the Columbia Memorial Agreement.

222. Davin Healthcare has failed and/or refused to remit to OneStaff the payment which Davin Healthcare received from Columbia Memorial for services performed by OneStaff under the Columbia Memorial Agreement as set forth in Paragraph 14(c) of the Columbia Memorial Agreement.

223. Davin Healthcare has breached the Columbia Memorial Agreement by failing to remit to OneStaff the payment which Davin Healthcare received from Columbia Memorial for services performed by OneStaff under the Columbia Memorial Agreement as set forth in Paragraph 14(c) of the Columbia Memorial Agreement.

224. OneStaff has made repeated demands in writing for payment, but Davin Healthcare has failed and/or refused to make payment.

225. Davin Healthcare has had notice of its failure to honor the obligations set forth in the Columbia Memorial Agreement, that the services called for under the Columbia Memorial Agreement were rendered without objection or complaint, and that OneStaff invoiced Columbia Memorial via Davin Healthcare for said

amount, and that upon information and belief, Davin Healthcare received payment from Columbia Memorial, but Davin Healthcare has knowingly decided not to pay the amount due and owing to OneStaff.

226. As a result of Davin Healthcare's breach of the Columbia Memorial Agreement, OneStaff has been damaged in the amount of at least $71,772.47 in unpaid principal as of the date of filing.

227. OneStaff has performed all conditions precedent and substantially performed its duties and obligations under the Columbia Memorial Agreement, or such conditions precedent and performance have been waived or excused.

WHEREFORE, Plaintiff ONESTAFF MEDICAL, LIMITED LIABILITY COMPANY respectfully requests that the Court enter judgment in its favor and against Defendant DAVIN HEALTHCARE WORKFORCE SOLUTIONS, INC. in the amount of at least $71,772.47 in unpaid principal, plus prejudgment interest as allowed by law, and post judgment interest at the current statutory rate of 9%, plus attorney's fees and costs as allowed by law.

## FOURTEENTH CLAIM FOR RELIEF

(In the Alternative to the Thirteenth Claim for Relief as to Davin Healthcare)

***Quantum Meruit/Unjust Enrichment Against Columbia Memorial and Davin Healthcare***

228. OneStaff incorporates the allegations of paragraphs 1-9 and 92-105 as if fully set forth herein.

229. OneStaff provided valuable services to Columbia Memorial and/or Davin Healthcare pursuant to their request, and under circumstances that obligate them to pay for such services.

230. OneStaff provided the services to Columbia Memorial and/or Davin Healthcare with the expectation that it would be paid for the services.

231. Columbia Memorial and/or Davin Healthcare understood that OneStaff expected to be paid for the services rendered.

232. Columbia Memorial and Davin Healthcare have failed and/or refused to pay OneStaff for such services, and have thereby received and retained benefits and services from OneStaff under circumstances whereby it would be inequitable and unconscionable to permit Columbia Memorial and/or Davin Healthcare to avoid payment therefore.

233. OneStaff has been harmed as a consequence of Columbia Memorial and/or Davin Healthcare's refusal to pay the fair and reasonable value of OneStaff's services to OneStaff in an amount to be determined at trial, which is equal to at least $40,130.34 (as to Columbia Memorial as of February 5, 2026) and $71,772.47 (as to Davin Healthcare) exclusive of attorney's fees, interest, and other fees and costs as of the date of filing; at the time of trial, OneStaff anticipates additional amounts will be due and owing by Columbia Memorial and OneStaff will provide further proof of said amounts at trial.

WHEREFORE, Plaintiff ONESTAFF MEDICAL, LIMITED LIABILITY COMPANY respectfully requests that the Court enter judgment in its favor and jointly and severally against Defendants DAVIN HEALTHCARE WORKFORCE SOLUTIONS, INC. and COLUMBIA MEMORIAL HOSPITAL in the amount of at least $40,130.34 (as to Columbia Memorial as of February 5, 2026) and $71,772.47 (as to Davin Healthcare), plus the additional amounts referenced in paragraph 233 above, plus prejudgment interest, and post judgment interest, plus attorney’s fees and costs as allowed by law.

**DEMAND FOR JURY TRIAL**

In accordance with Federal Rule of Civil Procedure 38(b), Plaintiff OneStaff Medical, Limited Liability Company, hereby demands a trial by jury on all issues so triable.

Dated: February 6, 2026.

Respectfully submitted,

Koley Jessen P.C., L.L.O.

*/s/Kendra M. Vosler*

John V. Matson, Nebraska #25278
*pro hac vice admission pending*
Kendra M. Vosler, Nebraska #27686
*pro hac vice admission pending*
*Counsel for Plaintiff*
One Pacific Place, Suite 800
1125 South 103rd Street
Omaha, NE 68124-1079
(402) 390-9500

(402) 390-9005 (facsimile)
John.Matson@koleyjessen.com
Kendra.Vosler@koleyjessen.com

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ONESTAFF MEDICAL, LIMITED LIABILITY COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>DAVIN HEALTHCARE WORKFORCE SOLUTIONS, INC.; ST. MARY'S HEALTHCARE; CLAXTON-HEPBURN MEDICAL CENTER; ALBANY MED HEALTH SYSTEM d/b/a SARATOGA HOSPITAL; ONEIDA HEALTH SYSTEMS, INC.; and COLUMBIA MEMORIAL HOSPITAL,<br><br>Defendants. | Case No. 1:26-cv-225 (ECC/PJE) |

**ANSWER**

Defendant Davin Healthcare Workforce Solutions, Inc. (“**Davin**”), by and through its undersigned attorneys, Morrison Cohen LLP, as and for its *Answer and Affirmative Defenses* (this “**Answer**”) to the *Complaint* [ECF No. 1] (“**Complaint**”) of OneStaff Medical Limited Liability Company (“**OneStaff**”), alleges as follows:

**PARTIES AND JURISDICTION**

1. Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

2. Davin admits the allegations contained in paragraph 2 of the Complaint.

3. Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint.

4. Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint.

5. Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint.

6. Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint.

7. Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint.

8. Paragraph 8 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint.

9. Paragraph 9 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint.

## FACTUAL ALLEGATIONS

10. Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint.

*The St. Mary's Agreement*

11. Paragraph 11 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin refers the Court to the St. Mary's Agreement for the true and complete contents and otherwise denies the allegations contained in paragraph 11 of the Complaint.

12. Paragraph 12 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin refers the Court to the St. Mary's Agreement for the true and complete contents and otherwise denies the allegations contained in paragraph 12 of the Complaint.

13. Paragraph 13 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin refers the Court to the St. Mary's Agreement for the true and complete contents and otherwise denies the allegations contained in paragraph 13 of the Complaint.

14. Paragraph 14 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin refers the Court to the St. Mary's Agreement for the true and complete contents and otherwise denies the allegations contained in paragraph 14 of the Complaint.

15. Paragraph 15 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint.

16. Davin refers the Court to the St. Mary's Agreement for the true and complete contents and otherwise denies the allegations contained in paragraph 16 of the Complaint.

17. Paragraph 17 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint.

18. Paragraph 18 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 18 of the Complaint.

19. Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint.

20. Davin denies the allegations contained in paragraph 20 of the Complaint. Regarding St. Mary's, Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint.

21. Paragraph 21 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 21 of the Complaint.

22. Davin denies the allegations contained in paragraph 22 of the Complaint. Regarding St. Mary's, Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint.

23. Davin denies the allegations contained in paragraph 23 of the Complaint. Regarding St. Mary's, Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint.

24. Paragraph 24 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 24 of the Complaint.

*The Claxton-Hepburn Agreement*

25. Paragraph 25 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin refers the Court to the Claxton-Hepburn Agreement for the true and complete contents and otherwise denies the allegations contained in paragraph 25 of the Complaint.

26. Paragraph 26 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin refers the Court to the Claxton-Hepburn Agreement for the true and complete contents and otherwise denies the allegations contained in paragraph 26 of the Complaint.

27. Paragraph 27 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin refers the Court to the Claxton-Hepburn Agreement for the true and complete contents and otherwise denies the allegations contained in paragraph 27 of the Complaint.

28. Paragraph 28 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin refers the Court to the Claxton-Hepburn Agreement for the true and complete contents and otherwise denies the allegations contained in paragraph 28 of the Complaint.

29. Paragraph 29 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint.

30. Davin refers the Court to the Claxton-Hepburn Agreement for the true and complete contents and otherwise denies the allegations contained in paragraph 30 of the Complaint.

31. Paragraph 31 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint.

32. Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint.

33. Davin denies the allegations contained in paragraph 33 of the Complaint. Regarding Claxton-Hepburn, Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint.

34. Paragraph 34 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 34 of the Complaint.

35. Davin denies the allegations contained in paragraph 35 of the Complaint. Regarding Claxton-Hepburn, Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint.

36. Davin denies the allegations contained in paragraph 36 of the Complaint. Regarding Claxton-Hepburn, Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Complaint.

37. Paragraph 37 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 37 of the Complaint.

*The Weiser Memorial Agreement*

38. Paragraph 38 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin refers the Court to the Weiser Memorial Agreement for the true and complete contents and otherwise denies the allegations contained in paragraph 38 of the Complaint.

39. Paragraph 39 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin refers the Court to the Weiser Memorial Agreement for the true and complete contents and otherwise denies the allegations contained in paragraph 39 of the Complaint.

40. Paragraph 40 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin refers the Court to the Weiser Memorial

Agreement for the true and complete contents and otherwise denies the allegations contained in paragraph 40 of the Complaint.

41. Paragraph 41 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin refers the Court to the Weiser Memorial Agreement for the true and complete contents and otherwise denies the allegations contained in paragraph 41 of the Complaint.

42. Paragraph 42 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Complaint.

43. Davin refers the Court to the Weiser Memorial Agreement for the true and complete contents and otherwise denies the allegations contained in paragraph 43 of the Complaint.

44. Paragraph 44 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained paragraph 44 of the Complaint.

45. Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the Complaint.

46. Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the Complaint.

47. Paragraph 47 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 47 of the Complaint.

48. Paragraph 48 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 48 of the Complaint.

49. Davin denies the allegations contained in paragraph 49 of the Complaint.

50. Davin denies the allegations contained in paragraph 50 of the Complaint.

51. Paragraph 51 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 51 of the Complaint.

*The Saratoga Hospital Agreement*

52. Paragraph 52 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin refers the Court to the Saratoga Hospital Agreement for the true and complete contents and otherwise denies the allegations contained in paragraph 52 of the Complaint.

53. Paragraph 53 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin refers the Court to the Saratoga Hospital Agreement for the true and complete contents and otherwise denies the allegations contained in paragraph 53 of the Complaint.

54. Paragraph 54 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin refers the Court to the Saratoga Hospital Agreement for the true and complete contents and otherwise denies the allegations contained in paragraph 54 of the Complaint.

55. Paragraph 55 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin refers the Court to the Saratoga Hospital

Agreement for the true and complete contents and otherwise denies the allegations contained in paragraph 55 of the Complaint.

56. Paragraph 56 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 of the Complaint.

57. Davin refers the Court to the Saratoga Hospital Agreement for the true and complete contents and otherwise denies the allegations contained in paragraph 57 of the Complaint.

58. Paragraph 58 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 58 of the Complaint.

59. Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59 of the Complaint.

60. Paragraph 60 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 60 of the Complaint. Regarding Saratoga Hospital, Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60 of the Complaint.

61. Paragraph 61 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 61 of the Complaint.

62. Davin denies the allegations contained in paragraph 62 of the Complaint. Regarding Saratoga Hospital, Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62 of the Complaint.

63. Davin denies the allegations contained in paragraph 63 of the Complaint. Regarding Saratoga Hospital, Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63 of the Complaint.

64. Paragraph 64 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 64 of the Complaint.

*The Oneida Health Agreement*

65. Paragraph 65 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin refers the Court to the Oneida Health Agreement for the true and complete contents and otherwise denies the allegations contained in paragraph 65 of the Complaint.

66. Paragraph 66 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin refers the Court to the Oneida Health Agreement for the true and complete contents and otherwise denies the allegations contained in paragraph 66 of the Complaint.

67. Paragraph 67 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin refers the Court to the Oneida Health Agreement for the true and complete contents and otherwise denies the allegations contained in paragraph 67 of the Complaint.

68. Paragraph 68 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin refers the Court to the Oneida Health

Agreement for the true and complete contents and otherwise denies the allegations contained in paragraph 68 of the Complaint.

69. Paragraph 69 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69 of the Complaint.

70. Davin refers the Court to the Oneida Health Agreement for the true and complete contents and otherwise denies the allegations contained in paragraph 70 of the Complaint.

71. Paragraph 71 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 71 of the Complaint.

72. Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 72 of the Complaint.

73. Davin denies the allegations contained in paragraph 73 of the Complaint. Regarding Oneida Health, Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 73 of the Complaint.

74. Paragraph 74 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 74 of the Complaint.

75. Davin denies the allegations contained in paragraph 75 of the Complaint. Regarding Oneida Health, Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 75 of the Complaint.

76. Davin denies the allegations contained in paragraph 76 of the Complaint. Regarding Oneida Health, Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 76 of the Complaint.

77. Paragraph 77 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 77 of the Complaint.

*The Bassett Medical Agreement*

78. Paragraph 78 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin refers the Court to the Bassett Medical Agreement for the true and complete contents and otherwise denies the allegations contained in paragraph 78 of the Complaint.

79. Paragraph 79 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin refers the Court to the Bassett Medical Agreement for the true and complete contents and otherwise denies the allegations contained in paragraph 79 of the Complaint.

80. Paragraph 80 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin refers the Court to the Bassett Medical Agreement for the true and complete contents and otherwise denies the allegations contained in paragraph 80 of the Complaint.

81. Paragraph 81 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin refers the Court to the Bassett Medical Agreement for the true and complete contents and otherwise denies the allegations contained in paragraph 81 of the Complaint.

82. Paragraph 82 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 82 of the Complaint.

83. Davin refers the Court to the Bassett Medical Agreement for the true and complete contents and otherwise denies the allegations contained in paragraph 83 of the Complaint.

84. Paragraph 84 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 84 of the Complaint.

85. Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 85 of the Complaint.

86. Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 86 of the Complaint.

87. Paragraph 87 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 87 of the Complaint.

88. Paragraph 88 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 88 of the Complaint.

89. Davin denies the allegations contained in paragraph 89 of the Complaint.

90. Davin denies the allegations contained in paragraph 90 of the Complaint.

91. Paragraph 91 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 91 of the Complaint.

*The Columbia Memorial Agreement*

92. Paragraph 92 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin refers the Court to the Columbia Memorial Agreement for the true and complete contents and otherwise denies the allegations contained in paragraph 92 of the Complaint.

93. Paragraph 93 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin refers the Court to the Columbia Memorial Agreement for the true and complete contents and otherwise denies the allegations contained in paragraph 93 of the Complaint.

94. Paragraph 94 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin refers the Court to the Columbia Memorial Agreement for the true and complete contents and otherwise denies the allegations contained in paragraph 94 of the Complaint.

95. Paragraph 95 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin refers the Court to the Columbia Memorial Agreement for the true and complete contents and otherwise denies the allegations contained in paragraph 95 of the Complaint.

96. Paragraph 96 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 96 of the Complaint.

97. Davin refers the Court to the Columbia Memorial Agreement for the true and complete contents and otherwise denies the allegations contained in paragraph 97 of the Complaint.

98. Paragraph 98 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 98 of the Complaint.

99. Paragraph 99 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 99 of the Complaint.

100. Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 100 of the Complaint.

101. Davin denies the allegations contained in paragraph 101 of the Complaint. Regarding Columbia Memorial, Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 101 of the Complaint.

102. Paragraph 102 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 102 of the Complaint.

103. Davin denies the allegations contained in paragraph 103 of the Complaint. Regarding Columbia Memorial, Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 103 of the Complaint.

104. Davin denies the allegations contained in paragraph 104 of the Complaint. Regarding Columbia Memorial, Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 104 of the Complaint.

105. Paragraph 105 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 105 of the Complaint.

**FIRST CLAIM FOR RELIEF**

***Breach of Contract Against Davin Healthcare (St. Mary's Agreement)***

106. Davin repeats and realleges each and every response to the allegations contained in all preceding paragraphs as if fully set forth herein.

107. Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 107 of the Complaint.

108. Paragraph 108 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin admits the allegations contained in paragraph 108 of the Complaint.

109. Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 109 of the Complaint.

110. Paragraph 110 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 110 of the Complaint. Regarding St. Mary's, Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 110 of the Complaint.

111. Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 111 of the Complaint.

112. Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 112 of the Complaint.

113. Paragraph 113 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 113 of the Complaint.

114. Paragraph 114 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 114 of the Complaint.

115. Davin denies the allegations contained in paragraph 115 of the Complaint.

116. Paragraph 116 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 116 of the Complaint.

117. Paragraph 117 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 117 of the Complaint

118. Paragraph 118 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 118 of the Complaint.

## SECOND CLAIM FOR RELIEF

(In the Alternative to the First Claim for Relief as to Davin Healthcare)

***Quantum Meruit/Unjust Enrichment Against St. Mary's and Davin Healthcare***

119. Davin repeats and realleges each and every response to the allegations contained in all preceding paragraphs as if fully set forth herein.

120. Paragraph 120 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 120 of the Complaint. Regarding St. Mary's, Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 120 of the Complaint.

121. Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 121 of the Complaint.

122. Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 122 of the Complaint. Regarding St. Mary's, Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 123 of the Complaint.

123. Paragraph 123 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 123 of the Complaint. Regarding St. Mary's, Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 123 of the Complaint.

124. Paragraph 124 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 124 of the Complaint.

## THIRD CLAIM FOR RELIEF
### *Breach of Contract Against Davin Healthcare (Claxton-Hepburn Agreement)*

125. Davin repeats and realleges each and every response to the allegations contained in all preceding paragraphs as if fully set forth herein.

126. Paragraph 126 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin admits the allegations contained in paragraph 126 of the Complaint.

127. Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 127 of the Complaint.

128. Paragraph 128 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 128 of the Complaint. Regarding Claxton-Hepburn, Davin denies knowledge or information

sufficient to form a belief as to the truth of the allegations contained in paragraph 128 of the Complaint.

129. Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 129 of the Complaint.

130. Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 130 of the Complaint.

131. Paragraph 131 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 131 of the Complaint.

132. Paragraph 132 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 132 of the Complaint.

133. Davin denies the allegations contained in paragraph 133 of the Complaint.

134. Paragraph 134 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 134 of the Complaint.

135. Paragraph 135 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 135 of the Complaint

136. Paragraph 136 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 136 of the Complaint.

**<u>FOURTH CLAIM FOR RELIEF</u>**

(In the Alternative to the Third Claim for Relief as to Davin Healthcare)

***Quantum Meruit/Unjust Enrichment Against Claxton-Hepburn and Davin Healthcare***

137. Davin repeats and realleges each and every response to the allegations contained in all preceding paragraphs as if fully set forth herein.

138. Paragraph 138 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 138 of the Complaint. Regarding Claxton-Hepburn, Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 138 of the Complaint.

139. Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 139 of the Complaint.

140. Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 140 of the Complaint. Regarding Claxton-Hepburn, Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 140 of the Complaint.

141. Paragraph 141 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 141 of the Complaint. Regarding Claxton-Hepburn, Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 141 of the Complaint.

142. Paragraph 142 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 142 of the Complaint.

**FIFTH CLAIM FOR RELIEF**
***Breach of Contract Against Davin Healthcare (Weiser Memorial Agreement)***

143. Davin repeats and realleges each and every response to the allegations contained in all preceding paragraphs as if fully set forth herein.

144. Paragraph 144 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin admits the allegations contained in paragraph 144 of the Complaint.

145. Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 145 of the Complaint.

146. Paragraph 146 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 146 of the Complaint. Regarding Weiser Memorial, Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 146 of the Complaint.

147. Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 147 of the Complaint.

148. Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 148 of the Complaint.

149. Paragraph 149 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 149 of the Complaint.

150. Paragraph 150 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 150 of the Complaint.

151. Davin denies the allegations contained in paragraph 151 of the Complaint.

152. Paragraph 152 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 152 of the Complaint.

153. Paragraph 153 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 153 of the Complaint

154. Paragraph 154 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 154 of the Complaint.

## SIXTH CLAIM FOR RELIEF
(In the Alternative to the Fifth Claim for Relief)
***Quantum Meruit/Unjust Enrichment Against Davin Healthcare***

155. Davin repeats and realleges each and every response to the allegations contained in all preceding paragraphs as if fully set forth herein.

156. Paragraph 156 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 156 of the Complaint.

157. Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 157 of the Complaint.

158. Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 158 of the Complaint.

159. Paragraph 159 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 159 of the Complaint.

160. Paragraph 160 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 160 of the Complaint.

**SEVENTH CLAIM FOR RELIEF**
***Breach of Contract Against Davin Healthcare (Saratoga Hospital Agreement)***

161. Davin repeats and realleges each and every response to the allegations contained in all preceding paragraphs as if fully set forth herein.

162. Paragraph 162 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin admits the allegations contained in paragraph 162 of the Complaint.

163. Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 163 of the Complaint.

164. Paragraph 164 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 164 of the Complaint. Regarding Saratoga Hospital, Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 164 of the Complaint.

165. Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 165 of the Complaint.

166. Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 166 of the Complaint.

167. Paragraph 167 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 167 of the Complaint.

168. Paragraph 168 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 168 of the Complaint.

169. Davin denies the allegations contained in paragraph 169 of the Complaint.

170. Paragraph 170 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 170 of the Complaint.

171. Paragraph 171 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 171 of the Complaint.

172. Paragraph 172 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 172 of the Complaint.

## EIGHTH CLAIM FOR RELIEF

(In the Alternative to the Seventh Claim for Relief as to Davin Healthcare)

***Quantum Meruit/Unjust Enrichment Against Saratoga Hospital and Davin Healthcare***

173. Davin repeats and realleges each and every response to the allegations contained in all preceding paragraphs as if fully set forth herein.

174. Paragraph 174 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 174 of the Complaint. Regarding Saratoga Hospital, Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 174 of the Complaint.

175. Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 175 of the Complaint.

176. Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 176 of the Complaint. Regarding Saratoga Hospital, Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 176 of the Complaint.

177. Paragraph 177 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 177 of the Complaint.

178. Paragraph 178 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 178 of the Complaint.

## NINTH CLAIM FOR RELIEF

***Breach of Contract Against Davin Healthcare (Oneida Health Agreement)***

179. Davin repeats and realleges each and every response to the allegations contained in all preceding paragraphs as if fully set forth herein.

180. Paragraph 180 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin admits the allegations contained in paragraph 180 of the Complaint.

181. Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 181 of the Complaint.

182. Paragraph 182 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 182 of the Complaint. Regarding Oneida Health, Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 182 of the Complaint.

183. Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 183 of the Complaint.

184. Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 184 of the Complaint.

185. Paragraph 185 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 185 of the Complaint.

186. Paragraph 186 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 186 of the Complaint.

187. Davin denies the allegations contained in paragraph 187 of the Complaint.

188. Paragraph 188 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 188 of the Complaint.

189. Paragraph 189 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 189 of the Complaint.

190. Paragraph 190 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 190 of the Complaint.

## TENTH CLAIM FOR RELIEF

(In the Alternative to the Ninth Claim for Relief as to Davin Healthcare)

***Quantum Meruit/Unjust Enrichment Against Oneida Health and Davin Healthcare***

191. Davin repeats and realleges each and every response to the allegations contained in all preceding paragraphs as if fully set forth herein.

192. Paragraph 192 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 192 of the Complaint. Regarding Oneida Health, Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 192 of the Complaint.

193. Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 193 of the Complaint.

194. Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 194 of the Complaint. Regarding Oneida Health, Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 194 of the Complaint.

195. Paragraph 195 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 195 of the Complaint. Regarding Oneida Health, Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 195 of the Complaint.

196. Paragraph 196 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 196 of the Complaint.

## ELEVENTH CLAIM FOR RELIEF

***Breach of Contract Against Davin Healthcare (Bassett Medical Agreement)***

197. Davin repeats and realleges each and every response to the allegations contained in all preceding paragraphs as if fully set forth herein.

198. Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 198 of the Complaint.

199. Paragraph 199 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin admits the allegations contained in paragraph 199 of the Complaint.

200. Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 200 of the Complaint.

201. Paragraph 201 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 201 of the Complaint.

202. Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 202 of the Complaint.

203. Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 203 of the Complaint.

204. Paragraph 204 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 204 of the Complaint.

205. Paragraph 205 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 205 of the Complaint.

206. Davin denies the allegations contained in paragraph 206 of the Complaint.

207. Paragraph 207 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 207 of the Complaint.

208. Paragraph 208 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 208 of the Complaint.

209. Paragraph 209 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 209 of the Complaint.

**TWELFTH CLAIM FOR RELIEF**
(In the Alternative to the Eleventh Claim for Relief)
***Quantum Meruit/Unjust Enrichment Against Davin Healthcare***

210. Davin repeats and realleges each and every response to the allegations contained in all preceding paragraphs as if fully set forth herein.

211. Paragraph 211 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 211 of the Complaint.

212. Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 212 of the Complaint.

213. Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 213 of the Complaint.

214. Paragraph 214 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 214 of the Complaint.

215. Paragraph 215 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 215 of the Complaint.

## THIRTEENTH CLAIM FOR RELIEF

***Breach of Contract Against Davin Healthcare (Columbia Memorial Agreement)***

216. Davin repeats and realleges each and every response to the allegations contained in all preceding paragraphs as if fully set forth herein.

217. Paragraph 217 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin admits the allegations contained in paragraph 217 of the Complaint.

218. Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 218 of the Complaint.

219. Paragraph 219 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 219 of the Complaint. Regarding Columbia Memorial, Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 219 of the Complaint.

220. Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 220 of the Complaint.

221. Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 221 of the Complaint.

222. Paragraph 222 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 222 of the Complaint.

223. Paragraph 223 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 223 of the Complaint.

224. Davin denies the allegations contained in paragraph 224 of the Complaint.

225. Paragraph 225 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 225 of the Complaint.

226. Paragraph 226 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 226 of the Complaint.

227. Paragraph 227 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 227 of the Complaint.

**FOURTEENTH CLAIM FOR RELIEF**
(In the Alternative to the Thirteenth Claim for Relief as to Davin Healthcare)
***Quantum Meruit/Unjust Enrichment Against Columbia Memorial and Davin Healthcare***

228. Davin repeats and realleges each and every response to the allegations contained in all preceding paragraphs as if fully set forth herein.

229. Paragraph 229 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 229 of the Complaint.

230. Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 230 of the Complaint.

231. Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 231 of the Complaint. Regarding Columbia Memorial, Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 231 of the Complaint.

232. Paragraph 232 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 232 of the Complaint. Regarding Columbia Memorial, Davin denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 232 of the Complaint.

233. Paragraph 233 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Davin denies the allegations contained in paragraph 233 of the Complaint.

## AFFIRMATIVE DEFENSES

Without admitting any of the allegations in the Complaint, and without admitting or suggesting that Davin bears the burden of proof on any of the following issues, Davin alleges the following separate and independent affirmative defenses:[1]

### FIRST AFFIRMATIVE DEFENSE

The claims in the Complaint are barred, in whole or in part, because they fail to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The claims contained in the Complaint are barred, in whole or in part, by the doctrines of waiver and estoppel.

### THIRD AFFIRMATIVE DEFENSE

[1] Davin expressly reserves and preserves the right to assert any and all other affirmative defenses that become known throughout the course of further discovery and/or investigation in the above-captioned action.

Case 1:26-cv-02525-AMD-VMS Document 14-1 Filed 04/13/26 Page 85 of 98

The claims contained in the Complaint are barred, in whole or in part, by the doctrine of laches.

Dated: April 13, 2026

**MORRISON COHEN LLP**

By: */s/ Heath D. Rosenblat*
Heath D. Rosenblat

909 Third Avenue, 27th Floor
New York, New York 10022
Tel: (212) 735-8600

*Attorneys for Defendant Davin Healthcare Workforce Solutions, Inc.*

MANDATORY-MEDIATION

# U.S. District Court
# Northern District of New York - Main Office (Syracuse) [NextGen CM/ECF Release 1.8 (Revision 1.8.5)] (Albany)
# CIVIL DOCKET FOR CASE #: 1:26-cv-00225-MAD-PJE

OneStaff Medical, Limited Liability Company v. Davin Healthcare Workforce Solutions, Inc. et al
Assigned to: U.S. District Judge Mae A. D'Agostino
Referred to: Magistrate Judge Paul J. Evangelista
Cause: 28:1332 Diversity-Account Receivable

Date Filed: 02/12/2026
Jury Demand: None
Nature of Suit: 190 Contract: Other
Jurisdiction: Diversity

**Plaintiff**

**OneStaff Medical, Limited Liability Company**
*a Nebraska limited liability company*

represented by **Kendra Vosler**
Koley Jessen P.C., L.L.O.
1125 S. 103rd St. - Suite 800
Omaha, NE 68124
531-600-6013
Email: kendra.vosler@koleyjessen.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John V. Matson**
Koley Jessen P.C., L.L.O.
1125 S. 103rd St. - Suite 800
Omaha, NE 68124
402-390-9500
Email: john.matson@koleyjessen.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Davin Healthcare Workforce Solutions, Inc.**
*a New York corporation*

represented by **Heath D. Rosenblat**
Morrison Cohen LLP
909 Third Avenue, 27th Floor
New York, NY 10022
212-735-8757
Fax: 917-522-3157
Email: hrosenblat@morrisoncohen.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**St. Mary's Healthcare**
*a New York not-for-profit corporation*
*TERMINATED: 04/22/2026*

represented by **William J. Anthony**
Littler Mendelson P.C.
900 Third Avenue
New York, NY 10022

212-471-4404
Email: wanthony@littler.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Erin Train**
Littler Mendelson
80 Linden Oaks, Suite 210
Rochester, NY 14625
585-203-3402
Email: etrain@littler.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Claxton-Hepburn Medical Center**
*a New York not-for-profit corporation*

**Defendant**

**Albany Med Health System**
*a New York not-for-profit corporation*
*TERMINATED: 04/29/2026*
*doing business as*
Saratoga Hospital
*TERMINATED: 04/29/2026*

represented by **Stuart F. Klein**
Bond, Schoeneck & King, PLLC - Albany
22 Corporate Woods Blvd., Suite 501
Albany, NY 12211
518-533-3000
Fax: 518-533-3299
Email: sklein@bsk.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Oneida Health Systems, Inc.**
*a New York not-for-profit corporation*
*TERMINATED: 05/05/2026*

represented by **Ashley D. Hayes**
Hancock Estabrook, LLP
1800 AXA Tower I
100 Madison Street
Syracuse, NY 13202
315-565-4563
Email: ahayes@hancocklaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Daniel B. Berman**
Hancock Estabrook, LLP
1800 AXA Tower I
100 Madison Street
Syracuse, NY 13202
315-565-4505
Fax: 315-565-4600
Email: dberman@hancocklaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kelly Joseph Pare**
Costello, Cooney & Fearon, PLLC
211 W. Jefferson Street
Syracuse, NY 13202

315-422-1152
Fax: 315-422-1139
Email: kpare@ccf-law.com
*TERMINATED: 03/18/2026*

**Defendant**

**Columbia Memorial Hospital**
*a New York not-for-profit corporation*
*TERMINATED: 04/22/2026*

represented by **Stuart F. Klein**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 02/12/2026 | 1 | COMPLAINT with JURY DEMAND against Albany Med Health System, Claxton-Hepburn Medical Center, Columbia Memorial Hospital, Davin Healthcare Workforce Solutions, Inc., Oneida Health Systems, Inc., and St. Mary's Healthcare (Filing fee $405 receipt number 27VIO2LM) filed by OneStaff Medical, Limited Liability Company. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Civil Cover Sheet)(ham) (Entered: 02/12/2026) |
| 02/12/2026 | 2 | Summons Issued as to Albany Med Health System, Claxton-Hepburn Medical Center, Columbia Memorial Hospital, Davin Healthcare Workforce Solutions, Inc., Oneida Health Systems, Inc., and St. Mary's Healthcare. (Attachments: # 1 Summons Issued as to Claxton-Hepburn Medical Center, # 2 Summons Issued as to Columbia Memorial Hospital, # 3 Summons Issued as to Davin Healthcare Workforce Solutions, Inc., # 4 Summons Issued as to Oneida Health Systems, Inc., # 5 Summons Issued as to St. Mary's Healthcare) (ham) (Entered: 02/12/2026) |
| 02/12/2026 | 3 | G.O. 25 FILING ORDER ISSUED: Initial Conference set for 5/14/2026 10:15 AM in Albany before Magistrate Judge Paul J. Evangelista. Civil Case Management Plan must be filed and Mandatory Disclosures are to be exchanged by the parties on or before 5/7/2026. (Pursuant to Local Rule 26.2, mandatory disclosures are to be exchanged among the parties but are NOT to be filed with the Court.) (ham) (Entered: 02/12/2026) |
| 02/12/2026 | 4 | MOTION for Limited Admission Pro Hac Vice of John V. Matson for Plaintiff OneStaff Medical, Limited Liability Company. Filing fee $100, receipt number 27VIO2OK **[THIS DOCUMENT IS RESTRICTED AND VIEWABLE BY COURT USERS ONLY]** Motions referred to Judge Paul J. Evangelista. (ham) (Entered: 02/12/2026) |
| 02/12/2026 | 5 | MOTION for Limited Admission Pro Hac Vice of Kendra M. Vosler for Plaintiff OneStaff Medical, Limited Liability Company. Filing fee $100, receipt number 27VIO2NK **[THIS DOCUMENT IS RESTRICTED AND VIEWABLE BY COURT USERS ONLY]** Motions referred to Judge Paul J. Evangelista. (ham) (Entered: 02/12/2026) |
| 02/24/2026 | 6 | TEXT ORDER granting 4 Motion for Limited Admission Pro Hac Vice of John V. Matson, Esq. Counsel is hereby advised that as of January 16, 2018, the NYND has converted to NextGen. Due to this conversion, you must now register for Pro Hac Vice access through your PACER account. **This is the only notice you will receive concerning this requirement. <u>You will not have access to electronically file in this case until your Pro Hac Vice request has been processed through the PACER system.</u>** Step-by-step instructions on how to complete this process are available at http://www.nynd.uscourts.gov/attorney-admissions. **Counsel is reminded that, once the above is accomplished, a NOTICE OF APPEARANCE MUST BE FILED IN THIS** |

| | | |
|---|---|---|
| | | **ACTION or you will not receive electronic notifications in the case.**. Authorized by Magistrate Judge Paul J. Evangelista on 2/24/2026. (tab) (Entered: 02/24/2026) |
| 02/24/2026 | 7 | TEXT ORDER granting 5 Motion for Limited Admission Pro Hac Vice of Kendra M. Vosler, Esq. Counsel is hereby advised that as of January 16, 2018, the NYND has converted to NextGen. Due to this conversion, you must now register for Pro Hac Vice access through your PACER account. **This is the only notice you will receive concerning this requirement. You will not have access to electronically file in this case until your Pro Hac Vice request has been processed through the PACER system.** Step-by-step instructions on how to complete this process are available at http://www.nynd.uscourts.gov/attorney-admissions. **Counsel is reminded that, once the above is accomplished, a NOTICE OF APPEARANCE MUST BE FILED IN THIS ACTION or you will not receive electronic notifications in the case.**. Authorized by Magistrate Judge Paul J. Evangelista on 2/24/2026. (tab) (Entered: 02/24/2026) |
| 02/26/2026 | 8 | NOTICE OF APPEARANCE by Kendra Vosler on behalf of OneStaff Medical, Limited Liability Company (Vosler, Kendra) (Entered: 02/26/2026) |
| 02/26/2026 | 9 | SUMMONS Returned Executed by OneStaff Medical, Limited Liability Company. Albany Med Health System served on 2/19/2026, answer due 3/12/2026. (Vosler, Kendra) (Entered: 02/26/2026) |
| 02/26/2026 | 10 | SUMMONS Returned Executed by OneStaff Medical, Limited Liability Company. Columbia Memorial Hospital served on 2/19/2026, answer due 3/12/2026. (Vosler, Kendra) (Entered: 02/26/2026) |
| 02/26/2026 | 11 | SUMMONS Returned Executed by OneStaff Medical, Limited Liability Company. Davin Healthcare Workforce Solutions, Inc. served on 2/19/2026, answer due 3/12/2026. (Vosler, Kendra) (Entered: 02/26/2026) |
| 02/26/2026 | 12 | SUMMONS Returned Executed by OneStaff Medical, Limited Liability Company. Oneida Health Systems, Inc. served on 2/19/2026, answer due 3/12/2026. (Vosler, Kendra) (Entered: 02/26/2026) |
| 02/26/2026 | 13 | SUMMONS Returned Executed by OneStaff Medical, Limited Liability Company. St. Mary's Healthcare served on 2/19/2026, answer due 3/12/2026. (Vosler, Kendra) (Entered: 02/26/2026) |
| 02/26/2026 | 14 | NOTICE OF APPEARANCE by John V. Matson on behalf of OneStaff Medical, Limited Liability Company (Matson, John) (Entered: 02/26/2026) |
| 03/03/2026 | 15 | FRCP 7.1 CORPORATE DISCLOSURE STATEMENT by OneStaff Medical, Limited Liability Company. (Matson, John) (Entered: 03/03/2026) |
| 03/12/2026 | 16 | NOTICE OF APPEARANCE by William J. Anthony on behalf of St. Mary's Healthcare (Anthony, William) (Entered: 03/12/2026) |
| 03/12/2026 | 17 | NOTICE OF APPEARANCE by Erin Train on behalf of St. Mary's Healthcare (Train, Erin) (Entered: 03/12/2026) |
| 03/12/2026 | 18 | STIPULATION re 1 Complaint,, *for extension of time to respond* by St. Mary's Healthcare submitted to Judge Evangelista. (Train, Erin) (Entered: 03/12/2026) |
| 03/12/2026 | 19 | FRCP 7.1 CORPORATE DISCLOSURE STATEMENT by St. Mary's Healthcare. (Train, Erin) (Entered: 03/12/2026) |
| 03/12/2026 | 20 | NOTICE OF APPEARANCE by Stuart F. Klein on behalf of Albany Med Health System, Columbia Memorial Hospital (Klein, Stuart) (Entered: 03/12/2026) |

| | | |
|---|---|---|
| 03/12/2026 | 21 | NOTICE by Albany Med Health System, Columbia Memorial Hospital re 1 Complaint,, *consent for an extension of time to file answering papers to April 1, 2026* (Klein, Stuart) (Entered: 03/12/2026) |
| 03/12/2026 | 22 | NOTICE OF APPEARANCE by Kelly Joseph Pare on behalf of Oneida Health Systems, Inc. (Pare, Kelly) (Entered: 03/12/2026) |
| 03/12/2026 | 23 | STIPULATION *for Extension of Time to Respond to Complaint* by Oneida Health Systems, Inc. submitted to Judge Hon. Paul J. Evangelista. (Pare, Kelly) (Entered: 03/12/2026) |
| 03/12/2026 | 24 | TEXT ORDER approving 18 Stipulation filed by St. Mary's Healthcare: Answer due date updated for St. Mary's Healthcare answer due 4/13/2026. Authorized by Magistrate Judge Paul J. Evangelista on 3/12/2026. (tab) (Entered: 03/12/2026) |
| 03/12/2026 | 25 | TEXT ORDER approving 21 Notice (Other) filed by Albany Med Health System, Columbia Memorial Hospital: Answer due date updated for Albany Med Health System answer due 4/1/2026; Columbia Memorial Hospital answer due 4/1/2026. Authorized by Magistrate Judge Paul J. Evangelista on 3/12/2026. (tab) (Entered: 03/12/2026) |
| 03/12/2026 | 26 | TEXT ORDER approving 23 Stipulation filed by Oneida Health Systems, Inc. : Answer due date updated for Oneida Health Systems, Inc. answer due 4/13/2026. Authorized by Magistrate Judge Paul J. Evangelista on 3/12/2026. (tab) (Entered: 03/12/2026) |
| 03/16/2026 | 27 | TEXT ORDER OF RECUSAL and ASSIGNMENT: U.S. District Judge Elizabeth C. Coombe hereby recuses herself from this action. The Clerk is authorized and directed to randomly assigned this case to another District Judge. WHEREFORE, it is hereby ORDERED that the Clerk enter this Order of Recusal for the undersigned; that the Clerk has randomly reassigned this case to U.S. District Judge Mae A. D'Agostino to conduct all further proceedings. Judge Paul J. Evangelista remains the Magistrate Judge assigned to the case. SO ORDERED by U.S. District Judge Elizabeth C. Coombe on 3/16/2026. (kmc) Modified on 3/16/2026 to correct the date of the year. Clerk inadvertently originally put 2025 instead of 2026. (kmc) (Entered: 03/16/2026) |
| 03/17/2026 | 28 | NOTICE OF APPEARANCE by Ashley D. Hayes on behalf of Oneida Health Systems, Inc. (Hayes, Ashley) (Entered: 03/17/2026) |
| 03/17/2026 | 29 | NOTICE by Oneida Health Systems, Inc. *of consent to change attorneys* (Hayes, Ashley) (Entered: 03/17/2026) |
| 03/18/2026 | 30 | TEXT ORDER approving 29 Notice/Consent to Change Attorneys filed by Oneida Health Systems, Inc. [Attorney Kelly Joseph Pare terminated]. Authorized by Magistrate Judge Paul J. Evangelista on 3/18. (tab) (Entered: 03/18/2026) |
| 03/18/2026 | 31 | NOTICE OF APPEARANCE by Daniel B. Berman on behalf of Oneida Health Systems, Inc. (Berman, Daniel) (Entered: 03/18/2026) |
| 03/20/2026 | 32 | STIPULATION re 1 Complaint,, *EXTENSION OF TIME TO RESPOND TO COMPLAINT* by Davin Healthcare Workforce Solutions, Inc. submitted to Judge Paul J. Evangelista. (Rosenblat, Heath) (Entered: 03/20/2026) |
| 03/20/2026 | 33 | NOTICE OF APPEARANCE by Heath D. Rosenblat on behalf of Davin Healthcare Workforce Solutions, Inc. (Rosenblat, Heath) (Entered: 03/20/2026) |
| 03/20/2026 | 34 | FRCP 7.1 CORPORATE DISCLOSURE STATEMENT by Davin Healthcare Workforce Solutions, Inc. identifying Corporate Parent Davin HealthCare, Inc., for Davin Healthcare Workforce Solutions, Inc... (Rosenblat, Heath) (Entered: 03/20/2026) |
| 03/20/2026 | 35 | TEXT ORDER approving 32 Stipulation filed by Davin Healthcare Workforce Solutions, Inc. Answer due date updated for Davin Healthcare Workforce Solutions, Inc. answer due |

| | | |
|---|---|---|
| | | 4/13/2026. Authorized by Magistrate Judge Paul J. Evangelista on 3/20/2026. (tab) (Entered: 03/20/2026) |
| 03/20/2026 | 36 | FRCP 7.1 CORPORATE DISCLOSURE STATEMENT by Oneida Health Systems, Inc.. (Hayes, Ashley) (Entered: 03/20/2026) |
| 04/01/2026 | 37 | NOTICE by Albany Med Health System, Columbia Memorial Hospital *consent for an extension of time to file answering papers to April 13, 2026* (Klein, Stuart) (Entered: 04/01/2026) |
| 04/02/2026 | 38 | TEXT ORDER approving 37 Consent Notice (Other) filed by Albany Med Health System, Columbia Memorial Hospital. Answer due date updated for Albany Med Health System: answer due 4/13/2026; Columbia Memorial Hospital: answer due 4/13/2026. Authorized by Magistrate Judge Paul J. Evangelista on 4/2/2026. (tab) (Entered: 04/02/2026) |
| 04/08/2026 | 39 | STIPULATION re 1 Complaint,, *regarding extension of time to respond* by St. Mary's Healthcare submitted to Judge Evangelista. (Train, Erin) (Entered: 04/08/2026) |
| 04/09/2026 | 40 | ANSWER to 1 Complaint,, *with affirmative defenses* by Oneida Health Systems, Inc.. (Hayes, Ashley) (Entered: 04/09/2026) |
| 04/13/2026 | 41 | TEXT ORDER approving 39 Stipulation filed by St. Mary's Healthcare. Answer due date updated for St. Mary's Healthcare: answer due 4/20/2026. Authorized by Magistrate Judge Paul J. Evangelista on 4/13/2026. (tab) (Entered: 04/13/2026) |
| 04/13/2026 | 42 | NOTICE by Albany Med Health System, Columbia Memorial Hospital *consent for an extension of time to file answering papers to April 27, 2026* (Klein, Stuart) (Entered: 04/13/2026) |
| 04/13/2026 | 43 | ANSWER to 1 Complaint,, by Davin Healthcare Workforce Solutions, Inc..(Rosenblat, Heath) (Entered: 04/13/2026) |
| 04/14/2026 | 44 | TEXT ORDER approving 42 Notice filed by Albany Med Health System, Columbia Memorial Hospital for an extension of time to file answering papers to April 27, 2026: Answer due date updated for Albany Med Health System answer due 4/27/2026; Columbia Memorial Hospital answer due 4/27/2026. Authorized by Magistrate Judge Paul J. Evangelista on 4/14/2026. (tab) (Entered: 04/14/2026) |
| 04/17/2026 | 45 | NOTICE of Voluntary Dismissal *Notice of Voluntary Dismissal Without Prejudice of Only Defendant Columbia Memorial Hospital* by OneStaff Medical, Limited Liability Company (Matson, John) (Entered: 04/17/2026) |
| 04/17/2026 | 46 | NOTICE of Voluntary Dismissal *Notice of Voluntary Dismissal Without Prejudice of Only Defendant St. Mary's Healthcare* by OneStaff Medical, Limited Liability Company (Matson, John) (Entered: 04/17/2026) |
| 04/22/2026 | 47 | ORDER OF VOLUNTARY DISMISSAL without Prejudice as to Defendant COLUMBIA MEMORIAL HOSPITAL granting 45 Notice of Voluntary Dismissal. Signed by U.S. District Judge Mae A. D'Agostino on 04/22/2026. (ban) (Entered: 04/22/2026) |
| 04/22/2026 | 48 | ORDER OF VOLUNTARY DISMISSAL without Prejudice as to Defendant ST. MARY'S HEALTHCARE granting 46 Notice of Voluntary Dismissal. Signed by U.S. District Judge Mae A. D'Agostino on 4/22/26. (ban) (Entered: 04/22/2026) |
| 04/27/2026 | 49 | NOTICE of Voluntary Dismissal *WITHOUT PREJUDICE OF ONLY DEFEDANT ALBANY MED HEALTH SYSTEM D/B/A SARATOGA HOSPITAL* by OneStaff Medical, Limited Liability Company (Matson, John) (Entered: 04/27/2026) |
| 04/29/2026 | 50 | ORDER granting 49 Notice of Voluntary Dismissal without Prejudice as to defendant ALBANY MED HEALTH SYSTEM d/b/a SARATOGA HOLPITAL. Signed by U.S. |

| | | |
|---|---|---|
| | | District Judge Mae A. D'Agostino on 4/29/26. (ban) (Entered: 04/29/2026) |
| 05/04/2026 | 51 | NOTICE of Voluntary Dismissal *Stipulation for Dismissal Without Prejudice of Only Defendant Oneida Health Systems, Inc.* by OneStaff Medical, Limited Liability Company (Matson, John) (Entered: 05/04/2026) |
| 05/05/2026 | 52 | Stipulation and ORDER FOR DISMISSAL without Prejudice of ONLY Defendant ONEIDA HEALTH SYSTEMS, INC. granting 51 Notice of Voluntary Dismissal filed by OneStaff Medical, Limited Liability Company. Signed by U.S. District Judge Mae A. D'Agostino on 05/05/2026. (ban) (Entered: 05/05/2026) |
| 05/05/2026 | 53 | CIVIL CASE MANAGEMENT PLAN by OneStaff Medical, Limited Liability Company. (Vosler, Kendra) (Entered: 05/05/2026) |

---

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 05/08/2026 13:22:30 | | | |
| **PACER Login:** | fcabreralopez | **Client Code:** | GenieHealthcare |
| **Description:** | Docket Report | **Search Criteria:** | 1:26-cv-00225-MAD-PJE |
| **Billable Pages:** | 6 | **Cost:** | 0.60 |

# CIVIL CASE MANAGEMENT PLAN

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

OneStaff Medical, LLC

**vs** **Case No.** 1:26-cv-225 (ECC/PJE)

Davin Healthcare Workforce Solutions, Inc. et al

---

**IT IS HEREBY ORDERED** that, pursuant to Rule16(b), Federal Rules of Civil Procedure, a status and scheduling conference will be held in this case before the Honorable PAUL J. EVANGELISTA, United States Magistrate Judge, on May 14, 2026, at 10:15 AM.

Counsel for all parties or individuals appearing pro se in the above-captioned action are directed to confer in accordance with Fed. R. Civ. P. 26(f) with respect to all of the agenda items listed below, no later than **twenty-one (21)** days before the scheduled Rule 16 Conference. Following that Rule 26(f) meeting, a report of the results of the conference, in the format set forth below, must be filed with the clerk no later than **seven (7) days** prior to the scheduled Rule 16 conference with the Court. Matters which the Court will discuss at the status conference will include the following: (insert a separate subparagraph as necessary if parties disagree):

1. **JOINDER OF PARTIES**: Any application to join any person as a party to this action shall be made on or before **July 31, 2026**.

2. **AMENDMENT OF PLEADINGS**: Any application to amend the pleadings to this action shall be made on or before **July 31, 2026.**

3. **DISCOVERY**: All discovery in this action shall be completed on or before **October 2, 2026**. **(Discovery timetable is to be based on the complexity of the action)**

4. **NON-DISPOSITIVE MOTIONS:** All non-dispositive motions, including discovery motions, may only be brought after the parties have complied with Section VIII of General Order #25. All non-dispositive motions shall be filed on or before **October 16, 2026**, no later than fourteen (14) days after the discovery deadline expires pursuant to Local Rules 16.2 and 37.1(h).

5. **DISPOSITIVE MOTIONS:** All dispositive motions shall be made on or before **November 27, 2026.**

6. **EXPERT WITNESS DISCLOSURE**: Plaintiff's Expert Witness disclosure shall be exchanged on or before **July 3, 2026** (at least 90 days before the close of discovery). Defendant's Expert Witness disclosure shall be exchanged on or before **August 18, 2026** (at least 45 days before the close of discovery). Rebuttal Expert Witness Disclosure shall be exchanged on or before **September 2, 2026** (at least 30 days before the close of discovery).

7. **MANDATORY MEDIATION**: Pursuant to General Order #47, paragraph 3.2(C)(1), the parties shall electronically file a stipulation selecting a mediator no later than twenty-eight (28) days from the date of the Order referring case to the Mandatory Mediation Program. Mediation must be completed on or before **June 30, 2026**.

8. **PROPOSED DATE FOR THE COMMENCEMENT OF TRIAL**: The action will be ready to proceed to trial on or before **December 14, 2026**. It is anticipated that the trial will take approximately **3** days to complete. The parties request that the trial be held in **Syracuse, N.Y. (The proposed date for the commencement of trial must be within 18 months of the filing date).**

9. **Have the parties filed a Jury Demand?** __**X**___(YES) _____(NO).

10. **What is the basis of the Court's subject matter jurisdiction? If it is diversity jurisdiction under 28 USC § 1332(a), does the complaint allege the citizenship of each party, including the citizenship of all members of any LLC or partnership? See 250 Lake Avenue Associates, LLC v. Erie Insurance Co., 281 F. Supp 3d 335, 341 (W.D.N.Y. 2017) ("[A]n LLC has the citizenship of each of its members for diversity jurisdiction purposes.")** Diversity Jurisdiction pursuant to 28 U.S.C. § 1332(a). Yes, the complaint alleges the citizenship of each party remaining in the lawsuit. All of Plaintiff's members are domiciled in Nebraska.

11. **Are the parties subject to the Court's jurisdiction? Have all parties been served?** All parties have been served with the exception of Claxton-Hepburn Medical Center. After filing, but before service, Plaintiff discovered that Claxton-Hepburn had filed for bankruptcy.

12. **What are the factual and legal bases for Plaintiff's claims and Defendant's defenses (including counterclaims and crossclaims, if applicable)?** Plaintiff alleges that Davin Healthcare has been paid by the medical facilities which received the benefits of OneStaff's temporary health professionals, but Davin Healthcare has failed to remit the relevant portion of those payments to OneStaff as required by the various agreements between OneStaff and Davin Healthcare. Since the filing of the Complaint, various defendants were dismissed as each was able to provide proof that they had in fact paid Davin Healthcare for the services provided by OneStaff's temporary health professionals. Davin Healthcare denied these allegations and asserted three affirmative defenses: (i) failure to state a cause of action; (ii) waiver and estoppel; and (iii) laches.

**13. What factual and legal issues are genuinely in dispute?**

While Davin Healthcare has not reviewed the evidence provided by the other defendants which were dismissed, upon review of its own internal records, it is unlikely that there will be any genuine dispute that (i) OneStaff is entitled to 94-96% of the amounts paid by the facilities to Davin Healthcare pursuant to the various agreements between the parties; and (ii) Davin Healthcare in fact received payment in full from each of the entities which were dismissed. There may be some remaining dispute as to whether Claxton-Hepburn has paid Davin Healthcare in full.

**14. Can the issues in litigation be narrowed by agreement or by motions? Are there dispositive or partially dispositive issues appropriate for decision on motion?**

No. This dispute is relatively straightforward. However, after discovery, it is likely Plaintiff will file a motion for summary judgment.

**15. What specific relief do the parties seek? What are the damages sought?**

OneStaff seeks damages in the principal amount of $343,559.09, plus prejudgment interest (currently estimated at approximately $26,000), post-judgment interest, and attorneys' fees and costs as allowed by law. Davin has not requested any counter-damages.

**16. DISCOVERY PLAN**

A. **Mandatory Disclosures**

The parties will exchange the mandatory disclosures required under Rule 26(a)(1) at least **seven (7) days** prior to the date of the Rule 16 conference, unless they have obtained prior approval from the assigned Magistrate Judge to extend that deadline.
Rule 26(a)(1) disclosures will be exchanged by May 7, 2026.

B. **Subjects of Disclosure**

The parties jointly agree that discovery will be needed to address the following subjects:
The status of payments made to Davin Healthcare by the various medical facilities referenced in the Complaint and any communications relating to Davin Healthcare's decision not to remit these payments to OneStaff in accordance with the agreements between OneStaff and Davin Healthcare.

C. **Discovery Sequence**

Describe the parties' understanding regarding the timing of the discovery, and state whether it is anticipated that discovery will be phased to address different issues in stages.
Discovery will commence immediately after the May 14 conference is held, if not before. Discovery does not need to be phased.

D. **Written Discovery**

Describe the written discovery demands which the parties contemplate serving under Rules 33, 34 and 36, including when they will be promulgated, that areas to be covered, and whether there is any need for any party to exceed the number of interrogatories permitted under Rule 33.

Plaintiff anticipates sending interrogatories, requests for production, and requests for admission relating to Davin Healthcare's failure to remit certain payments to OneStaff despite having received payment from the various medical facilities. Plaintiff anticipates these will be immediately after, if not before, the May 14 conference. Plaintiff does not anticipate exceeding the number of interrogatories permitted under Rule 33.

E. **Depositions**

Set forth the parties' expectations regarding depositions, including the approximate number to be taken, their location, a general description of the deponents, and an indication of whether any non-party fact depositions are anticipated.

Plaintiff does not anticipate more than one party deposition, but reserves the right to do so. Plaintiff may also subpoena testimony from representatives of the various medical facilities.

F. **Experts**

Set forth the parties' expectations regarding the retention of experts, and identify any particular issues to be addressed by the court concerning the retention and exchange of the information regarding experts, including whether the parties seek a variance from the expert disclosure requirements of the form uniform pretrial scheduling order typically issued by the court (i.e., initial expert disclosure at least ninety days, responsive expert disclosures at least forty-five days, and rebuttal reports due at least thirty days, before the close of discovery).

The parties do not anticipate retention of any expert but reserve the right to do so.

G. **Electronic Discovery**

Set forth the parties' understanding and expectations regarding discovery of electronically stored information. This description should include any agreements reached with respect to the retention of electronically stored information and the manner in which it will be produced, if requested. The parties should also identify any agreements regarding the manner in which electronically stored information subject to claims of privilege or work product protection will be handled, and whether a court order will be requested, either on stipulation or otherwise, to address this issue. If an agreement has been reached on the entry of such an order, provide a brief description of the provisions which will be included in a proposed order.

All documents and ESI produced pursuant to these Requests shall be produced in single page TIFF format (JPEG for color) with document level OCR with .dat and .opt load files including all available metadata. All Excel files, or similar spreadsheet files, and media files should be produced in their native format. Natively produced documents will be accompanied by a TIFF image slip sheet indicating that the document was produced natively. Documents which are redacted or withheld pursuant to a claim of privilege or work product protection will be described in detail on a privilege log including, as applicable, the name of the document, the file type, the creator, sender, receipient(s), cc'd parties, bcc'd parties, the stated privilege, and the reason for application of the privilege.

H. **Protective Orders**
If the parties anticipate requesting a protective order from the court pursuant to Rule 26(c), describe the basis for the request and nature of the proposed protective order.
The parties do not anticipate requesting a protective order, but reserve the right to do so should the need arise.

I. **Anticipated Issues Requiring Court Intervention**
Provide a brief description of any discovery related issues which, the parties reasonably anticipate, may require court intervention.
At this time, the parties do not anticipate any discovery related issues which may require court intervention.

17. **Is it possible to reduce the length of trial by stipulations, use of summaries or statements, or other expedited means or presenting evidence? Is it feasible and desirable to bifurcate issues for trial?**
Trial may be abbreviated by stipulations relating to the admissibility of exhibits without the need to call foundational witnesses. Demonstrative evidence summarizing various exhibits would likely be helpful to the Court given the number of agreements at issue. It is not feasible or desirable to bifurcate the issues for trial.

18. **Are there any related cases pending before the Judges of this Court?**
There are no related cases pending before the Judges of this Court.

19. **In Class Actions, when and how will the class be certified?**
N/A

20. **What are the prospects for settlement? Please check below the prospect for settlement:**

1 ____ 2 ____ 3____ 4____ 5 ____ 6 ____ 7 __**X**__ 8 ____ 9 ____ 10 ____

(Very unlikely → → → → → → Likely)

A. Settlement cannot be evaluated prior to **June 19, 2026 (assuming timely responses to OneStaff's discovery requests are received).**

B. How can settlement efforts be assisted?

By timely Court intervention relating to any delinquent or incomplete discovery responses upon filing of a motion to compel. Abbreviated discovery deadlines would also be helpful.

***(Do not indicate any monetary amounts at this time, settlement will be explored by the Magistrate Judge at the time of the initial status conference)***

**Complete Question 19 only if your filing order Cover Sheet was checked as an ADR Track case – *Subject to Mandatory Mediation under General Order #47.***

**21. If your case was selected as a qualifying mandatory mediation case, confirm that you have:**

| | |
|---|---|
| A. Reviewed General Order #47 | Yes |
| B. Reviewed the List of Court Approved Mediators available on the NDNY website? | Yes |
| C. Prepared to discuss with the Court, at the conference, whether your case should be opted out of the program? | Yes |
| D. Discussed the time frame needed to complete Mandatory Mediation? | Yes |

---

Pursuant to Fed. R. Civ. P. 25(f), a meeting was held on **May 5, 2026**
and was attended by: (Date)

Kendra M. Vosler for plaintiff OneStaff.

Heath Rosenblat for defendant Davin Healthcare.

At the Rule 16(b) conference, the Court will issue an order directing the future proceedings in this action. The parties are advised that failure to comply with this order may result in the imposition of sanctions pursuant to Federal Rules of Civil Procedure 16(f).

***Please detach this case management plan form and file electronically with the clerk no later than seven (7) days in advance of the conference date.***